417 P.2d 723

Thurman L. **ARNOLD** and Gertrude M. Arnold, his wife, Appellants,

v.

Effie H. **VAN ORNUM**, Appellee.

1 CA–CIV 212.

Court of Appeals of Arizona.

Sept. 7, 1966.

Wade Church, Phoenix, for appellants.

Favour & Quail, by Joseph De Pasquale, Prescott, for appellee.

CAMERON, Judge.

Plaintiffs' complaint was dismissed for lack of prosecution pursuant to Rule 41(b), Rules of Civil Procedure, as amended, 16 A.R.S. From an order denying plaintiffs' motion to set aside the dismissal made pursuant to Rule 60(c), Rules of Civil Procedure, as amended, 16 A.R.S., plaintiffs bring this appeal.

We are called upon to determine if the trial court abused its discretion in denying plaintiffs' motion to set aside the dismissal.

The facts necessary for a determination of this matter on appeal are as follows:

On 16 May, 1961, the plaintiffs filed an action in Maricopa County for breach of contract against the defendant Effie H. Van Ornum. The complaint shows that the action was given Maricopa County Superior Court Clerk's Office file number 126712.

Some ten months later, on 3 April, 1962, the summons and return of service was filed in the office of The Clerk of the Maricopa County Superior Court and on 3 May, 1962, the answer and counterclaim of the defendant was filed.

Prior to being served, the defendant, on 15 August, 1961, had filed a petition and affidavit for change of venue. On 27 June, 1963, the defendant filed a motion for an order transferring the action relying upon the previous motion for change of venue, the Clerk of the Maricopa County Superior Court noted:

"* * * * The matters in support of the request for change of venue have not been controverted.

"IT IS ORDERED transferring this case to the Superior Court in Yavapai County:"

The matter was given Yavapai County Superior Court Clerk's number 23088.

On 2 October, 1963, defendant moved, in the Yavapai County Superior Court, to dismiss for lack of prosecution. A copy of said motion was mailed to attorney for plaintiffs. On 5 October, 1963, "Motion to Set and Certificate of Readiness" was filed by the plaintiffs with the Clerk of the Maricopa County Superior Court, the pleading containing the Maricopa County Superior Court number 126712. A copy of this motion was sent to the attorney for the defendant. What happened to this pleading is not apparent from the record, though it does not appear that the said motion was forwarded to the Clerk of the Yavapai County Superior Court as might be expected.

Plaintiffs filed no further response to the motion to dismiss. The file indicates that the Clerk of the Yavapai County Superior Court sent by postcard to the attorney for the plaintiffs, notification that the motion had been placed on the calendar for hearing 28 October, 1963, at 11:00 a. m. The attorney for the plaintiffs denies receiving said postcard. In any event, no response to the motion to dismiss was filed, no appearance was made by plaintiffs, and the court, on 28 October, 1963, granted the motion to dismiss.

Some eighteen months later, on or about 7 April, 1965, plaintiffs filed the motion to set aside the dismissal. Such motion was supported by an affidavit of plaintiffs' attorney, alleging, in effect, excusable neglect and claiming lack of due process in that he did not receive the notice of the hearing of said motion to dismiss. On 3 May, 1965, plaintiffs' motion to set aside the dismissal was denied and the matter was appealed to this Court.

Plaintiffs argue that the judgment of dismissal is void because of the failure of the Clerk of the court to give him notice of the hearing on such motion, and that such dismissal was improper on its merits. This Court has recently discussed the question of excusable neglect as it applies to Rule 60 (c), Rules of Civil Procedure, as amended, 16 A.R.S. in Meisel Music Co. v. Perl, 3 Ariz.App. 479, 415 P.2d 575 (1966). We are not, however, called upon to determine in this case whether the plaintiffs' attorney received the notice or whether or not his action was excusable within the terms of the rule.

■ Rule IV (b) of the Uniform Rules of Practice, 17 A.R.S., provides that after a motion such as the one made by defendant:

"[I]f the opposing party does not serve and file the required answering memorandum * * * the court may dispose of the motion summarily."

It is not denied that the attorney for plaintiffs received a copy of the motion (of 2 October, 1963) to dismiss. Plaintiffs filed no answering memorandum as required. A motion to set, even if filed with the Clerk of the correct court in which the matter is to be heard is not an answering

memorandum to the motion to dismiss within the meaning of Rule IV(b) of the Uniform Rules of Practice of the Superior Courts of Arizona (17 A.R.S.).

 The plaintiffs having failed to respond to the motion of the defendant to dismiss plaintiffs' complaint for lack of prosecution, the trial court had the discretion to dismiss said complaint and to deny plaintiffs' motion. In the absence of a clear abuse of that discretion, we will not disturb the trial court's action on appeal.

Judgment affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.