979 P.2d 534

**Tarek ARANKI and Olivia Aranki, husband and wife, Plaintiffs–Appellants,**

**v.**

**RKP INVESTMENTS, INC., an Arizona corporation; Roy Powell and Kimberly Powell, husband and wife; Herb Glickston; Frank J. Ziskovsky dba Ridgecrest Realty; Realty Executives, Inc., an Arizona corporation; Roger Malcolm and Stacey Malcolm, husband and wife; Davis Olason and Lynn Olason, husband and wife; John Foltz and Marie Foltz, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 98–0375.

Court of Appeals of Arizona, Division 1, Department D.

April 22, 1999.

As Corrected May 3, 1999.

---

2. Amended and renumbered as A.R.S. § 25– 809(G).

Francis P. Smith, Phoenix, Attorney for Appellants

Snell & Wilmer, L.L.P. by Lisa M. Coulter and Martha E. Gibbs, Phoenix, Attorneys for Appellees Realty Executives, Inc., John Foltz, Roger Malcolm and David Olason

O'Connor, Cavanagh, Anderson, Killingsworth & Beshears, P.A. by Patrick D. White and Christopher Robbins, Phoenix, Attorneys for Appellees Ridgecrest Realty, Inc., Herb Glickston and Frank J. Ziskovsk

Stoops & Kloberdanz, P.L.C. by Thomas A. Stoops and William A. Kozub, Phoenix, Attorneys for Appellee RKP Investments, Inc.

## OPINION

GERBER, Judge

¶ 1   Tarek and Olivia Aranki (the "plaintiffs") appeal from the trial court's summary judgment in favor of the named defendants. We affirm the judgment as to some defendants and reverse as to others.

¶ 2   In their complaint filed in 1995, the plaintiffs sought damages in tort and contract and under various recovery statutes in connection with their purchase of a single family home in Cave Creek, Arizona. The complaint alleges that they discovered many latent defects and problems with the home after the sale closed.

¶ 3   Defendants Powell and RKP Investments, Inc., a corporation formed by the Powells, (collectively "the Powell defendants" or "the sellers") sold the property to plaintiffs. Ziskovsky, doing business as Ridgecrest Realty, was the buyers' broker, for whom Glickston acted as agent.

¶ 4   Defendant Realty Executives, Inc. is the real estate company that represented the Powells and for whom defendant Foltz served as the designated broker. Defendants Malcolm and Olason are real estate agents affiliated with Realty Executives. We refer to Realty Executives, Inc., Foltz, Malcolm and Olason collectively as "the Realty Executives defendants."

¶ 5 The Realty Executives defendants moved for summary judgment on two grounds: (1) lack of evidence that they knew or reasonably should have known of the problems with the home and a corresponding lack of duty to discover and disclose such problems, and (2) an exculpatory clause in the sales contract releasing brokers from liability for the condition of the premises. The Powell defendants joined in the motion without advancing any other theories. Ziskovsky and Glickston joined in the motion on the contractual ground only. The trial court granted the motion as to all defendants and entered final judgment against plaintiffs.

¶ 6 Our standard of review for a grant of summary judgment is *de novo* for both factual and legal determinations. *See Kiley v. Jennings, Strouss & Salmon*, 187 Ariz. 136, 139, 927 P.2d 796, 799 (App.1996). Summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990). We view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *See Thompson v. Better–Bilt Aluminum Products Co., Inc.*, 171 Ariz. 550, 558, 832 P.2d 203, 211 (1992).

### The Realty Executives Defendants

¶ 7 The single count against the Realty Executives defendants appears to be a tort claim based on negligent misrepresentation. Arizona recognizes the tort of negligent misrepresentation as set forth in the Restatement (Second) of Torts:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1); *see St. Joseph's Hosp. and Med. Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 312, 742 P.2d 808, 813 (1987). The Realty Executives defendants argue that they owed no duty to investigate the representations provided by the Powell defendants and were unaware that the alleged problems existed in the house.

¶ 8 As agents of the sellers, the Realty Executives defendants owed a duty to the buyers different from the "full and frank disclosure" they owed to their principals, the sellers. *See Haldiman v. Gosnell Dev. Corp.*, 155 Ariz. 585, 748 P.2d 1209 (App. 1987). Their duty was to "deal fairly with all other parties to a transaction." Ariz. Admin. Code ("A.A.C.") R4–28–1101(A); *Brown v. Arizona Dep't of Real Estate*, 181 Ariz. 320, 328–29, 890 P.2d 615, 623–24 (App.1995).[1]

¶ 9 The duty of fair dealing does not include investigations to discover defects in the sellers' property. The law does not, for example, require escrow agents, who act as fiduciaries for buyers and sellers alike, to investigate on behalf of their principals; such agents are merely bound to disclose circumstances that a reasonable agent would perceive as evidence of fraud. *See Burkons v. Ticor Title Ins. Co.*, 168 Ariz. 345, 353, 813 P.2d 710, 718 (1991); A.A.C. R4–28–1101(B)(3). Thus, the misrepresentation claim would be proved here only if plaintiffs could establish that the Realty Executives defendants knew or should have known of the defects giving rise to this litigation and failed to disclose such information. The sellers' real estate brokers and agents are not

---

1. The duty of fair dealing in the administrative code apparently applies to misrepresentation claims based on real estate purchases. *Baker v. Leight*, 91 Ariz. 112, 116–18, 370 P.2d 268, 271–72 (1962) (rules of Arizona Real Estate Department are material in determining whether seller's broker was liable for making false or fraudulent representations to the buyer); *Brown*, 181 Ariz. at 328–29, 890 P.2d at 623–24 (equating California standard of "honesty and fairness to all parties in real estate transactions," applicable in tort actions by real estate purchasers against sellers' brokers, with duty of fair dealing set forth in Arizona Administrative Code) (citing *Ward v. Taggart*, 51 Cal.2d 736, 336 P.2d 534 (1959)).

liable to the buyers for passing along such information without proof that they did so under circumstances suggesting that they knew or should have known that the information provided by the sellers might be false. *See Lopata v. Miller*, 122 Md.App. 76, 712 A.2d 24, 27–31 (1998); *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 876 P.2d 609, 618 (1994); *see also* Restatement (Second) of Torts § 552(1) (negligent misrepresentation).

¶ 10   Here, the plaintiffs identify nothing in the record to show that the Realty Executives defendants were unreasonable or incompetent in failing to discover defects. To the contrary, their only evidence calls their own reliance into question: plaintiffs hired a professional inspection service for the purpose of revealing defects, and this report identified at least some of the problems that form the basis of plaintiffs' damages claim.

¶ 11   In short, plaintiffs presented no evidence that these defendants knew or should have known of these problems. Plaintiffs concede that Realty Executives defendant Roger Malcolm, who personally dealt with them, did not make any representations concerning the condition of the property and that they had no evidence that Malcolm knew of or concealed any problems with the house.

¶ 12   To succeed on a motion for summary judgment, the Realty Executives defendants need only demonstrate an absence of evidence for an essential element of the complaint. *See Orme School*, 166 Ariz. at 310, 802 P.2d at 1009. They are not required to affirmatively establish the negative of a necessary element. *See id.* Since the plaintiffs did not respond to the summary judgment motion with any evidence that would create a genuine issue of fact, the Realty Executives defendants are not required to present any evidence that establishes they neither knew nor should have known about the misrepresentations. We therefore affirm the summary judgment as to the Realty Executives defendants.

### Ziskovsky and Glickston

¶ 13   Ziskovsky and Glickston were acting as the plaintiffs' broker and agent respectively. Plaintiffs sought recovery against them on a negligent misrepresentation theory arising from (1) their failure to discover and disclose to plaintiffs the defective condition of the house, (2) permitting plaintiffs to waive the Powells' warranties and amend the purchase contract to buy the property "as is," (3) advising plaintiffs that the defects were "merely cosmetic," and (4) advising plaintiffs that $2,000 was adequate to correct any defects in the house.

¶ 14   Ziskovsky and Glickston moved for summary judgment on the ground that plaintiffs waived tort claims against them under the exculpatory clauses in the purchase contract. Specifically, they rely on a pre-printed provision under which plaintiffs expressly released "all brokers ... from any and all liability and responsibility regarding the condition" of the property, and another pre-printed provision under which plaintiffs represented that they would "conduct[ ] all desired independent investigations of any and all matters concerning this purchase" prior to closing. They argue that these clauses released them from any liability regarding the condition of the premises. The trial court granted the motion on this ground.

¶ 15   Plaintiffs now contend that these exculpatory clauses are unenforceable because they are part of a form contract rather than terms negotiated between the parties at arm's length. They rely primarily on *Salt River Project Agriculture Improvement and Power District v. Westinghouse Electric Corporation*, 143 Ariz. 368, 694 P.2d 198 (1984), and *Morganteen v. Cowboy Adventures, Inc.*, 190 Ariz. 463, 949 P.2d 552 (App.1997). Plaintiffs appear to be correct:

> The law disfavors contractual provisions by which one party seeks to immunize himself against the consequences of his own torts. Although there are exceptions to the principle disfavoring attempts to gain immunity, they are narrowly drawn and posit that certain conditions are met—that there is no public policy impediment to the limitation, and that the parties did, *in fact*, bargain for the limitation.

*Salt River Project*, 143 Ariz. at 383, 694 P.2d at 213 (citations omitted; emphasis in original). The exculpatory provisions appear in six lines on the sixth page of a seven page

standard form contract "approved" by the Arizona Association of Realtors. The parties did not initial this provision. There is no evidence that this provision was discussed or negotiated. There may be evidence to the contrary but, at this point, we do not know what proof exists as to this material fact issue.

¶ 16 Defendants attempt to distinguish this case from *Salt River Project* and *Morganteen* on the ground that the brokers and agents were not parties to the sales contract. This position is untenable for two reasons. Ziskovsky apparently supplied the form contract and Glickston filled it in; the Arizona Association of Realtors (of which Ziskovsky and Glickston are members) drafted the contract; the "received by" box on page one bears Glickston's name, and Ziskovsky initialed the contract on its last page. Furthermore, the distinction is immaterial. Ziskovsky and Glickston offer no reason why the nature of the exculpatory clauses should vary depending upon whether they are parties or third party beneficiaries, and no such reason is readily apparent to us.

¶ 17 We conclude that these release provisions do not immunize Ziskovsky and Glickston from liability because they do not appear to be negotiated terms. Plaintiffs still have the burden of producing evidence that Ziskovsky and Glickston breached a duty to them. Plaintiffs alleged in their complaint that these defendants knew or should have known of the defects at the time of the sale and that they misled plaintiffs in other material respects. Ziskovsky and Glickston denied these allegations. We cannot resolve this question because neither party presented any evidence relating to these allegations in their summary judgment motions.

¶ 18 We also recognize important distinctions between the claims against the Realty Executives defendants and the claims against Ziskovsky and Glickston. Unlike the Realty Executives defendants, Ziskovsky and Glickston owed a fiduciary duty to plaintiffs. Furthermore, the claim against the Realty Executives defendants rests solely on the fact of non-disclosure and does not attribute any misleading statements or actions to those defendants. In contrast, plaintiffs alleged

that Glickston induced them to waive warranties, assured them that $2,000 would be adequate to correct any problems, and stated that the defects in the home were merely cosmetic. Such statements may be actionable. Finally, the selling broker and agents submitted deposition testimony in support of their motion for summary judgment in which plaintiffs conceded a lack of evidence as to whether the sellers' broker and agents knew or should have known of the defects prior to the sale. There is no such concession regarding the summary judgment motion filed by Ziskovsky and Glickston, who simply joined in the motion filed by the Realty Executives defendants. We therefore reverse the judgment as to Ziskovsky and Glickston because there may be disputed issues of material fact, including whether the parties actually bargained for the exculpatory waiver provisions, whether Ziskovsky and Glickston fraudulently induced plaintiffs to waive warranties, whether Glickston negligently induced plaintiffs to waive contract liability in exchange for inadequate consideration, and whether Glickston negligently misstated the nature and extent of the defects.

### The Sellers

¶ 19 The complaint alleged that the sellers were liable under a variety of theories: breach of warranty, fraud, breach of the implied covenant of good faith and fair dealing, violation of the Arizona consumer fraud statute, A.R.S. section 44–1522(A), violation of Arizona's contractor licensing statutes, A.R.S. section 32–1101 *et seq.*, and violation of Arizona's organized crime and fraud statutes, A.R.S. section 13–2301 *et seq.* The factual basis underlying these claims was the allegation that the sellers concealed defects in the house and misrepresented the true condition of the house prior to the sale.

¶ 20 The sellers simply joined in the Realty Executives defendants' motion without raising any other legal issues. Neither the exculpatory clause nor the lack of duty to the buyers, the only two matters raised in the Realty Executives defendants' motion for summary judgment, applied to the sellers. The exculpatory clause was limited to the brokers. The Realty Executives defendants

had no knowledge of the defects in the home, whereas plaintiffs contend that the sellers personally performed the substandard work that resulted in the hidden defects and concealed those defects from the plaintiffs.

¶ 21  The plaintiffs did not specifically respond to the sellers' joinder in the Realty Executives defendants' motion for summary judgment, although they responded separately to Ziskovsky and Glickston's joinder in the Realty Executives defendants' motion. On appeal, plaintiffs address only the contract and duty issues in their opening brief.

¶ 22  The sellers argue that summary judgment was proper because plaintiffs failed to separately respond to their joinder in the Realty Executives defendants' motion for summary judgment. They rely entirely on Rule IV(b) of the Uniform Rules of Practice of the Superior Court of Arizona, which states in relevant part:

> [I]f the opposing party does not serve and file the required answering memorandum ... such non-compliance may be deemed a consent to the ... granting of the motion.

Thus, the sellers assert that the trial court deemed plaintiffs' failure to separately respond to their joinder as consent to the granting of the motion for summary judgment as to them. They also assert that plaintiffs cannot be heard on appeal because they waived all arguments by failing to respond.

¶ 23  We disagree with both assertions. Uniform Rule IV(b) is not mandatory, and we decline to attach such significance to a minute entry and judgment that do not even refer to plaintiffs' failure to respond separately to the sellers' joinder in the motion. Moreover, given that the Realty Executives defendants' summary judgment motion rested on legal and factual assertions wholly irrelevant to the claims against the sellers, such a ruling would be a manifest abuse of discretion. *See Arnold v. Van Ornum,* 4 Ariz.App. 89, 91, 417 P.2d 723, 725 (1966). Such a ruling is particularly egregious in light of the fact that the sellers' joinder

raised no additional facts or arguments pertaining to their own role in the transaction.[2]

¶ 24  Therefore, we limit our review to issues raised in the Realty Executives defendants' motion for summary judgment because it is identical to the sellers' joinder motion. We conclude that summary judgment as to the sellers was incorrect because the only grounds advanced in support of this summary judgment were legally and factually inapplicable to the claims against the sellers.

## CONCLUSION

¶ 25  We affirm summary judgment for the Realty Executives defendants. We reverse the trial court's grant of summary judgment for defendants Ziskovsky, Glickston, and the Powells. We remand to the trial court for further proceedings.

MICHAEL D. RYAN, Presiding Judge, and THOMAS C. KLEINSCHMIDT, Judge, concur.

---

**2.** Contrary to sellers' contention at oral argument, their joinder in the motion for summary

judgment did not refer to the "as is" clause in the contract.