14 P.3d 288

Joseph LOMBARDO and Jacqueline
Lombardo, husband and wife,
Plaintiff–Appellants,

v.

Elaine ALBU and John Doe Albu, husband
and wife; Phillip Mercurio, Jr. and Jane
Doe Mercurio, husband and wife; Cen-
tury 21 Alliance and Investment Group,
an Arizona corporation, Defendants–Ap-
pellees.

No. CV–99–0316–PR.

Supreme Court of Arizona,
En Banc.

Dec. 13, 2000.

Francis P. Smith, Phoenix, Attorney for Joseph and Jacqueline Lombardo.

The Cavanagh Law Firm, by George H. Mitchell, Kerry M. Griggs, Christopher Robbins, Phoenix, Attorneys for Elaine Albu, Phillip Mercurio, Century 21 Alliance and Investment Group.

Combs, Mack & Lind, P.C., by Christopher A. Combs, K. Michelle Lind, Phoenix, Attorneys for Amicus Curiae, Arizona Association of Realtors.

Janet Napolitano, Attorney General, by Robert A. Zumoff, Michael T. Denious, Assistant Attorneys General, Phoenix, Attorneys for Amicus Curiae, Jerry A. Holt, Commissioner of the Arizona Department of Real Estate.

Thomas & Elardo, P.C., by Neal B. Thomas, Phoenix, Attorneys for Amici Curiae John Hall and West USA Realty.

Eckley & Associates, P.C., by James Robert Eckley, Debra S. Brockway, Phoenix, Attorneys for Amicus Curiae American Society of Home Inspectors, Arizona Chapter.

## OPINION

MARTONE, Justice.

¶ 1 This is an action in tort in which the seller of real property seeks damages from the buyer's real estate agent for failing to inform the seller that the buyer was or might have been unable to perform because of financial difficulties. The trial court granted summary judgment in favor of the buyer's agent on the basis that the buyer's agent had no legal duty to the seller. The court of appeals affirmed. *Lombardo v. Albu,* 197 Ariz. 340, 4 P.3d 395 (App.1999). Because of the importance of the issue, and a conflict with *Aranki v. RKP Investments, Inc.,* 194 Ariz. 206, 979 P.2d 534 (App.1999), we granted review. Rule 23(c)(3), Ariz.R.Civ.App.P.

I.

¶ 2 The facts, construed in the light most favorable to the party opposing summary judgment, *Maxwell v. Fidelity Fin. Servs., Inc.,* 184 Ariz. 82, 85, 907 P.2d 51, 54 (1995), are as follows. The Lombardos owned a house in Fountain Hills. They were behind in their payments. One of the lien holders extended the payment period in order to give the Lombardos an opportunity to sell the house. In February 1994, they listed the property for sale through Doris Elco of MCO Realty, Inc. Elaine Albu of Century 21 presented an offer from Roberta Codney. They reached an agreement with a closing date of June 30, 1994.

¶ 3 In April 1994, Roberta Codney told her agent, Albu, that her husband had filed for bankruptcy and was subject to IRS tax liens. She told Albu she was making the offer to purchase in her name only in the hope that lenders would not make the connection or would extend credit to her only. She told Albu that she and her husband were going to be a special financing case. Albu did not tell the Lombardos that Codney was not an "able" buyer or might be unable to perform the contract due to insolvency or otherwise. Had the Lombardos been told, they would have sought other conditions in the purchase contract, for example, the right to keep the property on the market. Despite several extensions of the closing date, Codney was never able to close and the Lombardos lost their equity in the property at a trustee's sale.

¶ 4 The Lombardos filed an action against the Codneys, their agent, and Albu. Fairly construed, the count against Albu alleges the tort of negligent misrepresentation. It alleges that Albu failed to disclose material facts about Codney's ability to perform that were relevant to the Lombardos' decision to agree to reschedule closing dates and to refrain from terminating the contract. In granting and affirming summary judgment, the trial court and the court of appeals concluded that, as a matter of law, a buyer's agent owes the seller no legal duty. It is to this proposition that we turn.

## II.

¶ 5 The Lombardos argue alternative theories. They claim that a regulation of the Department of Real Estate constitutes either (1) the standard of care in their negligence action or (2) forms the basis for a private cause of action directly on the regulation. Albu argues that the negligence claim fails as a matter of law because the buyer's agent has no legal duty to the seller and claims that no private cause of action arises under the regulation. Albu agrees "that, *if* a duty exists, the applicable standard of conduct may be established by common law, legislative enactment, or administrative regulation." Resp. to Pet. for Rev. at 8. (emphasis in original). The underlying regulation provides, in relevant part, as follows:

A. A licensee owes a fiduciary duty to his client and shall protect and promote the interests of the client. The licensee shall also deal fairly with all other parties to a transaction.

B. Each licensee participating in a real estate transaction shall disclose to all other parties to the transaction any information which the licensee possesses which materially and adversely affects the consideration to be paid by any party to the transaction, including, but not limited to, the following matters:

. . . .

2. Any information that the buyer or lessee is, or may be, unable to perform due to insolvency or otherwise.

Ariz.Admin.Code R4–28–1101 (1987).[1]

¶ 6 Subparagraph A of the regulation states the familiar principle that an agent has a fiduciary duty to its client. But subparagraph A also provides that an agent shall deal fairly with all parties to the transaction, and subparagraph B specifically requires any agent involved in the transaction to disclose to all parties to the transaction any materially adverse information regarding consideration, including any information that the buyer is or may be unable to perform due to insolvency or otherwise.

¶ 7 We turn then to whether there is a legal duty, for if there is, there is a jury submissible case of breach under this regulation.

## III.

¶ 8 We begin with the duties of the buyer and the seller to each other and then turn to the duties of their agents. The buyer and seller, of course, have legal duties to each other arising out of their contractual relationship. This includes the covenant of good faith and fair dealing. Buyers and sellers must deal fairly with each other. And, the buyer and the seller have duties to each other to disclose facts that are material to the transaction. *See Restatement (Second) of Contracts* § 161 (1981); *Restatement (Second) of Torts* § 551 (1977). Applying these principles, our court of appeals held some time ago that where a seller knows of facts materially affecting the value of the property and knows that the facts are not known to the buyer, the seller has a legal duty to disclose such facts. *Hill v. Jones,* 151 Ariz. 81, 84–85, 725 P.2d 1115, 1118–19 (App.1986). Thus, the seller has a duty to disclose to the buyer the existence of termite damage whenever it materially affects the value of the property. *Id.* at 85–86, 725 P.2d at 1119–20.

¶ 9 The duties are not a one-way street. The major consideration flowing from the buyer to the seller is the price. The buyer cannot present himself as a ready, willing, and able buyer if he knows that there is a significant risk that the deal will never close because of his inability to perform. This would violate the buyer's duty to deal fairly under the contract and the legal duties imposed by *Restatement (Second) of Contracts* § 161 and *Restatement (Second) of Torts* § 551.

¶ 10 But what then of the duties of their agents? The Lombardos agree that the only fiduciary duty an agent has runs to his client. Yet Albu takes this a step further and argues that because she has no fiduciary

---

1. Subparagraph 2 of R4–28–1101(B) was amended in 1999 to delete the words "due to insolvency or otherwise." Since inability to perform in-

cludes inability to perform due to insolvency or otherwise, had it been applicable, the amendment would not change our analysis.

**100**

duty to the seller, she has no duty at all to the seller. She argues that a duty to disclose to the seller would conflict with her fiduciary duty not to disclose her client's confidential information. The fallacy in this argument, as we have already seen, is that the client herself has a duty to the seller to disclose facts critical to her ability to perform. Thus, the financial wherewithal of the buyer to perform the contract is not confidential information.

¶ 11 The Restatement (Second) of Agency (1958) describes both the duties of the agent to the principal, §§ 376–431, and the duties of the agent to third persons, §§ 320–362. So, for example, *Restatement (Second) of Agency* § 348 imposes liability on the agent to third persons for representations made in a transaction on behalf of the principal. Comment c to section 348 acknowledges the duty of the agent to reveal the truth to the other party, and cross-references *Restatement of Torts* § 551. Comment e to section 348 is even more instructive. It provides as follows:

Although the making of a contract by the agent does not constitute a representation by him that his principal is known by him to be solvent or honorable, if the agent knows that the principal does not intend to perform the contract because of hopeless insolvency or other reason, the making of a contract for him under such conditions subjects the agent to liability. See the Restatement of Torts, § 530. Likewise, if the agent fails to reveal circumstances which make it impossible for the principal to perform, the other party has the remedies given for misrepresentation. See the Restatement of Restitution, § 8.

These principles are not limited to fraud. An agent is liable for negligence to third parties, including negligent misrepresentation, even though he is acting on behalf of his principal. *Restatement (Second) of Agency* § 350.

¶ 12 As we have seen, the ability of the buyer to perform goes to the heart of the transaction, and thus is not confidential information. But even if it were, "[a]n agent is privileged to reveal information confidentially acquired by him in the course of his agency in the protection of a superior interest of

himself or of a third person." *Restatement (Second) of Agency* § 395 cmt. f.

¶ 13 In rejecting the existence of the legal duty flowing from the buyer's agent to the seller, the panel below rejected a contrary ruling by another panel of the court of appeals in *Aranki*, 194 Ariz. at 208, ¶ 8, 979 P.2d at 536, ¶ 8. *Lombardo*, 197 Ariz. at 344, ¶ 18, 4 P.3d at 399, ¶ 18. But *Aranki* simply acknowledged the compatibility of the fiduciary duty an agent owes to his client with the duty to deal fairly with all other parties to the transaction. 194 Ariz. at 208, ¶ 8, 979 P.2d at 536, ¶ 8. In contrast, the court of appeals below refused to acknowledge the existence of a legal duty flowing from the buyer's agent to the seller because it believed the buyer herself, having no fiduciary duty, had no duty to disclose. *Lombardo*, 197 Ariz. at 344, ¶ 20, 4 P.3d at 399, ¶ 20. Indeed, the court below went so far as to state that "if the buyers had a duty to disclose their financial condition to the sellers, it would not conflict with their interest to also require their agent to do so." *Id.* at 344, ¶ 20, 4 P.3d at 399, ¶ 20. But, as we have seen, *ante* ¶ 9, the buyer had such a duty to disclose. And because she had such a duty to disclose, her agent had a duty to disclose.

IV.

¶ 14 The holding below that the agent's fiduciary duty to the buyer precluded any legal duty to the seller is erroneous. The performance of an agent's fiduciary duty to its principal is compatible with the agent's duty to deal fairly with all parties to the transaction.

¶ 15 The regulation adopted by the real estate department is essentially a codification of the common law. It acknowledges the agent's fiduciary duty to its principal but also acknowledges the agent's non-fiduciary duty to other parties to the transaction. R4–28–1101(A). Subparagraph B of the rule provides minimum standards of care in the exercise of the agent's duties. Among these is the duty to disclose any information relating to the seller's or the buyer's inability to perform. Under *Restatement (Second) of Torts* § 285, an administrative regulation

may form the basis for a standard of conduct even where it does not so provide. *Restatement (Second) of Torts* § 286 tells us when a regulation will be adopted as the standard. From what we have said so far, it seems plain that R4–28–1101 satisfies section 286 such that it prescribes an appropriate standard of conduct in this case. For this reason, we need not reach Lombardos' alternative argument that a private cause of action arises out of the regulation.

## V.

¶ 16 We reverse the judgment of the trial court. We vacate the opinion of the court of appeals. We remand this case to the trial court for further proceedings consistent with this opinion.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and RUTH V. McGREGOR, Justice.

