NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TIMOTHY SLATER, *Plaintiff/Appellant*,

v.

ARIZONA BOARD OF REGENTS, *Defendant/Appellee*.

No. 1 CA-CV 19-0030
FILED 1-23-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-013953
The Honorable Joseph C. Welty, Judge
The Honorable Kerstin LeMaire, Judge

**REVERSED AND REMANDED**

COUNSEL

Jaburg & Wilk, PC, Phoenix
By Kraig J. Marton, Jeffrey A. Silence
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Rachel M. Remes
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David B. Gass joined.

_____

**W E I N Z W E I G**, Judge:

¶1 Dr. Timothy Slater appeals the superior court's dismissal of his complaint against the Arizona Board of Regents (ABOR) under Arizona Rule of Civil Procedure 12(b)(6). Accepting his factual allegations as true, we conclude that Dr. Slater adequately stated his negligence and breach of confidentiality claims. We reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On appeal from a motion to dismiss, this court "assume[s] the truth of [all] well-pled factual allegations and indulge[s] all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

¶3 ABOR governs and controls Arizona's state universities, including the University of Arizona. A.R.S. §§ 15-1601(A), -1625(A). ABOR has "the powers necessary for the effective governance and administration" of the University. A.R.S. § 15-1626(A)(1). To that end, ABOR has adopted a comprehensive set of regulations, policies and rules for the "institutions under its control." *Id.* Among ABOR's policies are Policy Number 1-119 on "Nondiscrimination and Anti-Harassment," and Policy Number 6-912 on "Access to or Disclosure of Personnel Records or Information."

¶4 Dr. Slater was an associate professor of astronomy at the University from 2001 to 2008. He received tenure in 2004. Two months later, "several individuals" reported Dr. Slater to University officials for "continual sexual joking, banter and unwelcome touching," but "refused to file complaints" for fear of retaliation. The University investigated, interviewing Dr. Slater and at least 11 unnamed witnesses who interacted with Dr. Slater. Before his interview, Dr. Slater was "assured that the results of the investigation would be confidential."

**¶5**        The University issued a formal 38-page "Investigative Report" on March 31, 2005.[1]  The document described various allegations of harassment against Dr. Slater and summarized witness interviews.  Each page was marked "CONFIDENTIAL" in bold and italics.  In the end, the report concluded that Dr. Slater violated the University's sexual harassment policy but found insufficient evidence of retaliation.  The University pursued no disciplinary action against Dr. Slater.

**¶6**        In January 2010, a Chicago-based astronomer submitted a public records request to the University for "documents relating to . . . charges, investigations, and disciplinary actions against former professor of Astronomy Timothy F. Slater."  The University responded in May 2010 through its Custodian for Public Records in the Office of Institutional Research & Planning Support.  The Custodian withheld "[m]ost records relating to any charges, investigations, and disciplinary actions against [Dr. Slater] due to the chilling effect they would have on future possible employee investigations," but disclosed "the final investigative report that summarizes the findings" under "A.R.S. § 39-121 and 39-128."

**¶7**        Around two months later, the same Custodian of Public Records asked the Chicago astronomer to "please destroy any copies" of the document because it had been disclosed "in error" and "contrary to the policies and practices of the university for release," raising concern about the "chilling effect" that releasing the report "would have on future possible employee investigations."

**¶8**        Almost five years elapsed before a United States Representative read swaths of the Investigative Report into the congressional record to raise awareness about sexual harassment in university science departments.  From there, the Investigative Report's contents were widely broadcast and published by news outlets across the nation.  In one article, the University of Arizona's Vice President for Communications said the Investigative Report should not have been disclosed and was not a public record.  The Vice President lamented that "[s]omebody forgot or screwed up," but promised that "[c]ontrols have been tightened on that process since then."

**¶9**        A few months later, Dr. Slater submitted his own public records request to the University, seeking the same documents and information produced in response to the initial public records request.

---

[1]    Dr. Slater attached a copy of the Investigative Report to his complaint in this lawsuit.

ABOR refused, explaining that "the University does not release records of complaint investigations because doing so would be contrary to the best interests of the state and compromise the privacy interests of the complaining individuals and witnesses."

**¶10** In November 2016, Dr. Slater sued ABOR for breach of confidentiality, defamation, false light, public disclosure of private information and negligence. His complaint alleges that ABOR owed him a duty of confidentiality "by reason of University policy and practice, promises made to [him] and state law and regulation," pointing to express and implied contracts, along with his employment relationship.

**¶11** ABOR moved to dismiss Dr. Slater's breach of confidentiality and negligence claims for failure to state a claim under Rule 12(b)(6), arguing that "Slater cannot establish that the investigation report was confidential" and "cannot establish that the [University] owed him a duty to keep that report confidential." The superior court granted ABOR's motion, reasoning that "[a]s currently pled, [Dr. Slater] fails to show" under either "statute or common law" that ABOR owed or breached a duty of confidentiality to him "by the release of [the Investigative Report] pursuant to a public records request." After discovery, Slater voluntarily dismissed his remaining claims for defamation, false light and public disclosure of private information. The superior court entered final judgment. Dr. Slater timely appealed.

## DISCUSSION

**¶12** The superior court dismissed Dr. Slater's negligence and breach of confidentiality claims after concluding that ABOR owed no duty of confidentiality to Dr. Slater under any interpretation of his allegations. We review de novo the superior court's dismissal of a complaint under Rule 12(b)(6), and only affirm if the plaintiff has no right to relief under any interpretation of the facts. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7 (2012). Our review is limited to the complaint itself and attached exhibits. *Id*. at 356, ¶ 9. We assume the truth of all well-pled factual allegations and resolve all reasonable inferences in the plaintiff's favor, but "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Cullen*, 218 Ariz. at 419, ¶ 7.

**¶13** The issue of whether a duty exists is a question of law. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 564, ¶ 7 (2018). As relevant here, a duty may arise from "special relationships recognized by the common law [and] contracts," including an employment relationship, *id.* at 565, ¶ 14 (citing

*Bogue v. Better-Bilt Aluminum Co.*, 179 Ariz. 22, 34 (App. 1994); from contract *Diaz v. Phx. Lubrication Serv., Inc.*, 224 Ariz. 335, 339-40 ¶¶ 15–19 (App. 2010), or from promises of confidentiality, *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669-671 (1991) (recognizing an enforceable promise of confidentiality under promissory estoppel).

**¶14**        We reverse the superior court's dismissal for failure to state a claim because the complaint alleges enough facts, assumed as true, to recognize a duty of confidentiality.  The complaint alleges: "Prior to being interviewed[,] Dr. Slater was assured that the results of the investigation would be confidential."   The University's alleged "promise[s]" and "assur[ances]" of confidentiality to Dr. Slater are sufficient to state a cognizable duty of confidentiality.  *Diaz*, 224 Ariz. at ¶¶ 15-19; *Cohen*, 501 U.S. at 669-671.  We cannot say "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Newman v. Maricopa Cty.*, 167 Ariz. 501, 503 (App. 1991) (quoting 5A C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 325).

**¶15**        We need not reach whether ABOR's administrative policies create a duty of confidentiality to Dr. Slater, including Policy Nos. 1-119(E) and 6-912(C).  As the lawsuit continues, however, the superior court might conclude that ABOR's administrative policies represented implied terms of Dr. Slater's employment, akin to personnel manuals that "can become part of employment contracts," *Leikvold v. Valley View Community Hosp.*, 141 Ariz. 544, 548 (1984), or that these policies represented an actionable standard of conduct based on their purpose, *Lombardo v. Albu*, 199 Ariz. 97, 100-101 (2000) (citing Restatement (Second) of Torts § 285).[2]

---

[2]        We confine our review to the issues advanced on appeal, and therefore do not address the affirmative defenses that may be advanced as the litigation proceeds.

**CONCLUSION**

**¶16** We reverse the superior court's dismissal of Dr. Slater's claims for breach of confidentiality and negligence and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA