NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LISA M. AUBUCHON, et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, *Defendant/Appellee*.

No. 1 CA-CV 19-0799
FILED 11-24-2020

Appeal from the Superior Court in Maricopa County
No. CV2011-014754
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Lisa M. Aubuchon, Peter R. Pestalozzi, Tempe
Edward Moriarity, Missoula, MT
*Plaintiffs/Appellants*

Sacks Tierney P.A., Scottsdale
By James W. Armstrong, Jeffrey S. Leonard, Evan F. Hiller
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

_____

**G A S S**, Judge:

¶1        This appeal represents the final phase of litigation arising out of Lisa Aubuchon's former employment as a deputy county attorney. She was terminated and ultimately disbarred. *See In re Aubuchon*, 233 Ariz. 62 (2013). Aubuchon and her husband, Peter Pestalozzi, sued multiple parties for damages, including the County. *See Aubuchon v. Brock*, 1 CA–CV 13–0451, 2015 WL 2383820 (Ariz. App. May 14, 2015) (mem. decision) (*Aubuchon I*); *Aubuchon v. Maricopa County*, 1 CA-CV 17-0301, 2018 WL 2315778 (Ariz. App. May 22, 2018) (mem. decision) (*Aubuchon II*).

¶2        In the previous appeal, this court remanded for the superior court to address Aubuchon's and Pestalozzi's contract claims, and the award of sanctions and attorney fees. *See Aubuchon II*, 1 CA-CV 17-0301, at *4, ¶¶ 20–23. The superior court did so, entering judgment in favor of the County, including an award of attorney fees, costs, and sanctions. This appeal followed. Because appellants have shown no genuine issues of material fact or abuse of discretion by the superior court, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶3        Aubuchon and Pestalozzi seek to revive their claims for breach of contract and breach of the covenant of good faith and fair dealing against the County. They argue Aubuchon was contractually entitled to unconditional, County-funded representation in her State Bar disciplinary proceedings. In September 2016, the parties filed cross-motions for summary judgment. After full briefing and oral argument, the superior court granted summary judgment for the County. The superior court then awarded attorney fees against Aubuchon and Pestalozzi in the amount of $57,010.00 and costs in the amount of $1,826.80. The superior court also reimposed sanctions against Aubuchon, Pestalozzi, and Moriarity in the amount of $35,486.50, with interest.

¶4 Aubuchon, Pestalozzi, and Moriarity timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

## ANALYSIS

### I. The superior court correctly granted summary judgment for the County on Aubuchon's and Pestalozzi's breach of contract claim.

¶5 Summary judgment is appropriate when "no genuine dispute as to any material fact" exists and "the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). This court reviews a superior court's grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-movant, and will affirm "for any reason supported by the record, even if not explicitly considered by the superior court." *See KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014).

¶6 A breach of contract claim requires the plaintiff to show "the existence of the contract, its breach, and the resulting damages." *See Thomas v. Montelucia Villas, LLC*, 232 Ariz. 92, 96, ¶ 16 (2013) (quotation omitted). In Arizona, an "employment relationship is contractual in nature," even for at-will employees like Aubuchon. *See* A.R.S. § 23-1501.A.1. Accordingly, Aubuchon and Pestalozzi have met the first element. They have not presented "evidence that would create a genuine issue of fact" on the remaining two elements of their breach of contract claim. *See Aranki v. RKP Invs., Inc.*, 194 Ariz. 206, 209, ¶ 12 (App. 1999).

#### A. The County did not breach Aubuchon's employment contract.

¶7 Aubuchon's and Pestalozzi's argument is based on language contained in the County's policies and procedures manual. But "for an enforceable contract to exist there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co., Inc. v. Homes & Son Const. Co., Inc.*, 112 Ariz. 392, 394 (1975). Aubuchon did not receive the manual until *after* she accepted her position with the County. Accordingly—as a matter of law—nothing in the County manual could be a term of Aubuchon's initial employment contract. *See id.*

¶8 Aubuchon and Pestalozzi correctly note employment contracts can be modified. Relying heavily on *Leikvold v. Valley View Community Hospital*, they argue the manual and various statements by the

County about providing Aubuchon with representation constitute a modification of her employment contract. *See* 141 Ariz. 544, 547–48 (1984).

**¶9** To begin, modification of a contract requires "(1) an offer to modify the contract, (2) assent to or acceptance of that offer, and (3) consideration." *Demasse v. ITT Corp.*, 194 Ariz. 500, 506, ¶ 18 (1999) (citation omitted). True, the *Leikvold* court held policy manuals can modify employment contracts, and whether a specific policy manual "becomes part of the particular employment contract is a question of fact." *See* 141 Ariz. at 548. But the supreme court did not stop there, going on to hold:

> *Where the terms of an agreement are clear and unambiguous, the construction of the contract is a question of law for the court.* However, if the court determines that the terms of the contract can be reasonably construed in more than one manner, the language is ambiguous and extrinsic evidence may be used to ascertain the real meaning of the terms. *Only after the contract is so construed can the jury then determine whether it was breached.*

*Id.* (emphasis added) (citations omitted); *see also Demasse*, 194 Ariz. at 505, ¶ 15 (a term within an employee manual "is contractual *only if it discloses a promissory intent* or is one that the employee could *reasonably conclude* constituted a commitment by the employer") (emphasis added) (quotation and alteration omitted).

**¶10** The policy manual receipt Aubuchon signed says "nothing in this manual *in any way* creates an express or implied contract of employment" and "this manual only summarizes major personnel and office policies *which are subject to change without notice.*" (Emphasis added). This language is unambiguous, "clearly and conspicuously tell[ing] [Aubuchon] that the manual is not part of [her] employment contract." *See Leikvold*, 141 Ariz. at 548; *see also Demasse*, 194 Ariz. at 505, ¶ 15 (mere descriptions "of the employer's present policies [are] neither a promise nor a statement that could reasonably be relied upon as a commitment").

**¶11** Further, "legal consideration, like every other part of a contract, must be the result of agreement. The parties must understand and be influenced to the particular action by something of value that is recognized by all parties as the moving cause." *See id.* at 507, ¶ 20 (quotation and alternations omitted). Even if we assume the County's manual and subsequent representations were valid offers to modify Aubuchon's contract, Aubuchon and Pestalozzi have shown no evidence of the necessary consideration.

¶12 In her briefing before this court, Aubuchon claims she "changed jobs numerous times" with the County. But Aubuchon's job title—deputy county attorney—remained constant throughout her employment. Though her specific responsibilities may have changed during her employment, Aubuchon had a preexisting duty, as a County employee, to perform those tasks assigned by her supervisors. Under Arizona law, a contract lacks "consideration if the promisee is under a preexisting duty to counter-perform." *Travelers Ins. Co. v. Breese*, 138 Ariz. 508, 511 (App. 1983).

¶13 In short: "Separate consideration, *beyond continued employment*, is necessary to effect a modification." *Demasse*, 194 Ariz. at 507, ¶ 21 (emphasis added). Accordingly—as a matter of law—the County had no contractual obligation to provide Aubuchon representation for her disciplinary proceedings. As a result, no reasonable jury could have found the County breached Aubuchon's employment contract.

**B.     Aubuchon and Pestalozzi presented no evidence of compensable damages.**

¶14 Aubuchon and Pestalozzi assert the County's failure to provide representation caused the following damages: lost earning capacity; reputational damage; and attorney fees for Moriarity's representation.

¶15 To survive summary judgment, the non-movant "bears the burden of producing sufficient evidence that an issue of fact does exist." *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 33 (1998). This burden requires Aubuchon and Pestalozzi to go beyond mere reliance on their pleadings. *See Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008). They "must call the court's attention to evidence overlooked or ignored by the moving party or must explain why the motion should otherwise be denied." *Id.* Aubuchon and Pestalozzi have not met this burden.

¶16 Contrary to Aubuchon's and Pestalozzi's arguments, Arizona does not permit recovery for lost earning capacity in an action for breach of an employment contract. *See Lindsey v. Univ. of Ariz.*, 157 Ariz. 48, 54 (App. 1987). *But see Felder v. Physiotherapy Assocs.*, 215 Ariz. 154, 163–64, ¶ 44 (App. 2007) (allowing recovery of lost wages in personal injury cases). Aubuchon and Pestalozzi attempt to clear this hurdle by asserting they are "not requesting wages from her lost position at the County," but rather "the damages that flowed from the bar matter and loss of her license." But they present no evidence showing the disciplinary proceedings would have

turned out differently if the County continuously funded her defense. And in any event, it constitutes a claim for loss of earning capacity relating to an alleged breach of contract, nothing more.

**¶17** Arizona also prohibits recovery for reputational damage in employment contract cases "because the computation of damages is too speculative." *Lindsey*, 157 Ariz. at 54; *see also Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 186 (App. 1984) ("It is well settled that conjecture or speculation cannot provide the basis for an award of damages."). "In effect, our courts have decided that in breach of employment contract cases it is reasonable to require almost complete certainty as reflected in the actual terms of the contract and the expectations of the parties to the contract." *Felder*, 215 Ariz. at 164, ¶ 45. Accordingly, Aubuchon's and Pestalozzi's first two damage claims fail as a matter of law.

**¶18** Their final damage claim is negated by the record. During her deposition, Aubuchon said Moriarity undertook her representation *pro bono*. Similarly, Moriarity's deposition makes clear he neither collected fees from, nor submitted a bill to, Aubuchon. True, an attorney who represents the successful party in a contract action may be awarded fees. *See* A.R.S. § 12-341.01. But the ultimate award is paid by the opposing party — not the attorney's client. Accordingly, a potential post-litigation award of fees to a *pro bono* attorney is not a "damage" suffered by the client. *See, e.g., City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 41, ¶ 13 (App. 2015) ("courts generally do not construe 'damages' to include attorneys' fees").

**¶19** In summary, Aubuchon and Pestalozzi presented no "evidence that would create a genuine issue of fact" on two essential elements — breach and damages — of their contract claim. *See Aranki*, 194 Ariz. at 209, ¶ 12. The superior court, therefore, correctly granted summary judgment for the County on this claim. *See id.*

**II.** **The superior court correctly granted summary judgment for the County on Aubuchon's and Pestalozzi's good faith and fair dealing claim.**

**¶20** "Arizona law implies a covenant of good faith and fair dealing in every contract." *Keg Rests. Ariz., Inc. v. Jones*, 240 Ariz. 64, 77, ¶ 45 (App. 2016). A party breaches this covenant by acting in a way inconsistent with, or adverse to, the other "party's *reasonably expected benefits* of the bargain." *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 424, ¶ 14 (App. 2002) (emphasis added). In the context of an employment contract, the remedy for a breach of the implied covenant of good faith and fair dealing

is limited to contractual damages. *See Nelson v. Phx. Resort Corp.*, 181 Ariz. 188, 198 (App. 1994).

¶21 As discussed above, Aubuchon's and Pestalozzi's contention the County's policy manual and subsequent representations modified Aubuchon's employment contract fails as a matter of law. Further, Aubuchon herself described her employment contract as "kind of a fluid thing," and was unable to identify specific terms that apply in her contract. But "an enforceable contract [requires] sufficient specification of terms so that the obligations involved can be ascertained." *See Savoca Masonry*, 112 Ariz. at 394. In short, Aubuchon and Pestalozzi failed to show County-funded representation in her disciplinary proceedings was a "*reasonably expected* benefit[]" of her employment. *See Bike Fashion Corp.*, 202 Ariz. at 424, ¶ 14 (emphasis added).

¶22 In addition, as described above, Aubuchon and Pestalozzi provided no evidence of contractual damages. Without evidence of compensable contract damages, Aubuchon's and Pestalozzi's claim for breach of the covenant of good faith and fair dealing related to her employment contract fails as a matter of law. *See Nelson*, 181 Ariz. at 198.

¶23 Accordingly, the superior court correctly granted summary judgment for the County on this claim. *See Aranki*, 194 Ariz. at 209, ¶ 12.

## III. The superior court did not abuse its discretion by awarding the County attorney fees and sanctions.

¶24 This court reviews a superior court's award of attorney fees and sanctions for an abuse of discretion. *See ABCDW LLC v. Banning*, 241 Ariz. 427, 440, ¶ 60 (App. 2016); *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 410, ¶ 113 (App. 2012). A superior court abuses its discretion when its reasoning is legally incorrect, clearly untenable, or otherwise constitutes a denial of justice. *See State v. Penney*, 229 Ariz. 32, 34, ¶ 8 (App. 2012).

¶25 Aubuchon and Pestalozzi argue the award of attorney fees constitutes an abuse of discretion because Aubuchon's contract did not include a specific term obligating her to pay the County's litigation costs. Arizona law, however, gives courts the authority to award fees to the successful party "[i]n *any* contested action arising out of contract." A.R.S. § 12-341.01.A (emphasis added). Because Aubuchon's and Pestalozzi's claims are based on Aubuchon's employment contract, subsection 12-341.01.A applies.

¶26        Aubuchon and Pestalozzi next argue the superior court failed to consider the factors outlined in *Associated Indemnity Corporation v. Warner*. *See* 143 Ariz. 567, 570 (1985). The record contradicts this argument. The superior court's first post-appeal award of attorney fees explicitly analyzed each of the *Warner* factors, ultimately awarding the County less than half the fees it requested. Similarly, the superior court's final fee award is nearly $30,000.00 less than the County requested. Because the County is the successful party, the record establishes the superior court did not abuse its discretion in awarding attorney fees against Aubuchon and Pestalozzi. *See Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007) ("We will affirm an award with a reasonable basis even if the trial court gives no reasons for its decision regarding whether to award fees.").

¶27        Turning to the sanctions, the issue has been before this court before. Previously,

> this court found "the superior court acted well within its discretion when it determined that [Aubuchon, Pestalozzi, and Moriarity] had engaged in sanctionable conduct," but consideration of the amount of sanctions was deferred "until the case is resolved on remand." The reasoning supporting the sanctions has not changed from that outlined in *Aubuchon* [*I*].

*Aubuchon II*, 1 CA-CV 17-0301, at *4, ¶ 21 (quoting *Aubuchon I*, 1 CA–CV 13–0451, at *13, ¶ 48).

¶28        Contrary to appellants' arguments here, this court never found "the breach of contract and good faith and fair dealing covenants were valid claims." *See Aubuchon II*, 1 CA-CV 17-0301, at *4, ¶ 20 ("We express no opinion as to the underlying merits of Aubuchon's contract case."). And neither the amount of sanctions nor the underlying justification has changed from *Aubuchon I*. The superior court now has resolved the case on remand, placing it in the posture referenced in *Aubuchon II*. The time was right for the superior court to consider the amount of sanctions. Because the sanctions "are supported by reasonable evidence," we affirm the award. *See Roberts v. City of Phoenix*, 225 Ariz. 112, 119, ¶ 24 (App. 2010).

## ATTORNEY FEES ON APPEAL

¶29        The County requests attorney fees on appeal. As the County is the prevailing party in a "contested action arising out of a contract," we

exercise our discretion and award it reasonable attorney fees and taxable costs on appeal upon compliance with ARCAP 21. *See* A.R.S. 12-341.01.A.

## CONCLUSION

¶30         For the above reasons, we affirm the superior court's judgment in all respects.



AMY M. WOOD • Clerk of the Court
FILED:     AA