**William McGAUGHEY, Plaintiff,**

**v.**

**CITY OF CHICAGO, a municipal corporation; Herman Cross, Star # 15497; Sgt. Charles Ramsey, Star # 2219, individually and in their official capacity, Defendants.**

**No. 84 C 10546.**

United States District Court, N.D. Illinois, E.D.

July 27, 1988.

Cecile Singer, Edward Stein, Linda Fisher, Singer & Stein, Chicago, Ill., for plaintiff.

Locke E. Bowman III, Sharon Baldwin, James P. McCarthy, Assts. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Currently before the Court is defendants Herman Cross' and Charles Ramsey's mo-

---

**4.** Venue can be waived, but the franchise documents here do not contain any waiver.

tion to reconsider our earlier decision denying the defense of qualified immunity and to amend the pretrial order to include special interrogatories. For the reasons noted below, we grant that motion in part and deny it in part.

■ In our earlier decision, *McGaughey v. City of Chicago*, 664 F.Supp. 1131 (N.D. Ill.1987), we concluded that defendants' defense of qualified immunity was unworkable in this case because the "Harlow [qualified immunity] inquiry regarding the objective reasonableness of the defendants' conduct collapses into the probable cause analysis, which should ordinarily be left to the jury." *Id.* at 1138–39. However, subsequent to our opinion, the Seventh Circuit has concluded that qualified immunity should not be treated differently than any other issue raised in the summary judgment context. *See Green v. Carlson*, 826 F.2d 647, 651 (7th Cir.1987). Thus, a decision that defendants are not entitled to summary judgment on qualified immunity does not mean they cannot raise it again on a motion for directed verdict and a motion for judgment notwithstanding the verdict.[1] Accordingly, we vacate that portion of our March 18, 1987 opinion in which we indicated defendants could no longer raise the issue of qualified immunity.

Defendants next request two special interrogatories ostensibly designed to assist the Court on a motion for judgment notwithstanding the verdict on the issue of qualified immunity. Essentially, defendants are attempting to change the standard under which we decide the motion for judgment notwithstanding the verdict. Instead of having the Court decide the issue of qualified immunity by viewing the evidence in the light most favorable to the plaintiff as the prevailing party, defendants essentially want to double check the jury verdict on probable cause. In *Bailey v. Andrews*, the Seventh Circuit reviewed the lower court's decision to deny qualified immunity for the defendant's actions in arresting the

plaintiff without probable cause for violating Indiana's disorderly conduct statute. 811 F.2d 366, 370 (7th Cir.1987). Although there was disputed testimony concerning the underlying facts which led to the arrest for disorderly conduct, the court viewed the evidence in favor of the prevailing plaintiff. In viewing the evidence in favor of the prevailing plaintiff, the Seventh Circuit concluded that the defendant could not have reasonably believed that the plaintiff was committing disorderly conduct. *Id.* at 371. Accordingly, the Seventh Circuit found the defendant was not entitled to qualified immunity for arresting the plaintiff for disorderly conduct without probable cause. Thus, it seems clear that the issue of qualified immunity is not entitled to any special treatment in this context.

■ Under Fed.R.Civ.P. 49(b), the Court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact. However, "[t]he decision whether to use a general verdict accompanied by special interrogatories, as authorized by Rule 49(b) ... is committed to the unreviewable discretion of the trial judge." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2511 (1971). In this case, we conclude special interrogatories designed to elicit the same factual findings the jury must address in its findings on the issue of probable cause are not necessary. There may be other cases where special interrogatories may be useful in applying the doctrine of qualified immunity, for example, if the substantive law has changed between the time when the incident occurred and the time of trial. In that situation, the jury could find a violation of a constitutional right under the current law, but if asked to apply the law as it was on the date of the incident, the jury could conceivably conclude that defendants did not violate a clearly established (at that time) constitutional right. In that case, although the jury could conclude that the plaintiff's constitutional right was violated

---

1. We observe, however, that the standards are the same whether it is a motion for summary judgment, directed verdict or judgment notwithstanding the verdict. *Rakovich v. Wade*, 850 F.2d 1180, 1204–05 (7th Cir.1988). We must consider the disputed facts in the light most favorable to the non-movant.

under current standards, the defendants would be entitled to qualified immunity because they did not violate a right clearly established at the time of the incident. This is not such a situation. The case law under which defendants are to be tested as to whether they had probable cause to arrest McGaughey for disorderly conduct under the facts of this case was clearly established at the time of the incident. *See People v. Trester*, 96 Ill.App.3d 553, 555, 52 Ill.Dec. 96, 97, 421 N.E.2d 959, 960 (4th Dist.1981); *People v. Douglas*, 29 Ill. App.3d 738, 742, 331 N.E.2d 359, 363 (1st Dist.1975); *People v. Slaton*, 24 Ill.App.3d 1062, 1063, 322 N.E.2d 553, 554 (5th Dist. 1974). If under these standards and facts Cross and Ramsey lacked probable cause to arrest McGaughey, then their actions could not be objectively legally reasonable, and they would not be entitled to qualified immunity.

We note that defendants' objections to Magistrate Balog's order of June 24, 1987, regarding jury instructions are currently pending. Defendants have objected to the Magistrate's ruling on their probable cause instruction. When the Court rules on those objections, we will give due consideration to defendants' proposed instruction on probable cause. We do not, however, find that special interrogatories are necessary.

For the reasons stated above, we vacate that portion of our March 18, 1987 Memorandum Opinion and Order in which we held defendants could no longer raise the issue of qualified immunity. We deny, however, their request for special interrogatories on the issue of qualified immunity. It is so ordered.