180 P.3d 977

**NATIONAL BANK OF ARIZONA, a national banking association, Plaintiff/Appellee,**

v.

**Morgen T. THRUSTON and Howard Thruston, as husband and wife, Defendants/Appellants.**

No. 1 CA–CV 06–0718.

Court of Appeals of Arizona, Division 1, Department E.

Jan. 10, 2008.

As Amended Jan. 23, 2008.

Folks & O'Connor, PLLC By Larry Folks, Phoenix, Jennings, Strouss & Salmon, PLC, By Michael J. Farrell, Phoenix, Attorneys for Plaintiff/Appellee.

Thomas Schern Richardson, PLLC By Richard R. Thomas, Mesa, Attorneys for Defendants/Appellants.

## OPINION

NORRIS, Judge.

¶ 1 This appeal arises out of an action to judicially foreclose a deed of trust executed by Defendant/Appellant Morgen Thruston to secure a construction loan made to her by Plaintiff/Appellee National Bank of Arizona. On appeal, Morgen Thruston and her husband, Howard, argue the superior court should not have entered summary judgment against them because the Bank failed to present evidence negating their affirmative defenses. Alternatively, they argue the Bank was prohibited from judicially foreclosing the deed of trust based on a non-monetary default because this default existed when Morgen Thruston "cured," that is, resolved, the then-existing monetary default and "reinstated" the construction loan pursuant to Arizona Revised Statutes ("A.R.S.") section 33–813 (2007).

¶ 2 As to the first issue, we hold the Bank, as the moving party on summary judgment, was not required to present evidence negating the Thrustons' affirmative defenses to meet its initial burden of production. Nevertheless, to satisfy its initial burden of production, the Bank was required to at least point out, by referring to evidence in the record, that the Thrustons did not have enough evidence to carry their burden of proof on these affirmative defenses at trial. Because the Bank failed to do this, it was not entitled to summary judgment.

¶ 3 As to the second issue, we hold a trustor/debtor is not entitled to the protections provided by A.R.S. § 33–813 unless it complies with all of the requirements of that statute—it must pay the trust deed beneficiary all past due and other statutorily specified sums and cure all other defaults. Because Morgen Thruston failed to cure all other defaults, specifically the non-monetary default, when she cured the outstanding monetary default, A.R.S. § 33–813 did not bar the Bank from pursuing judicial foreclosure.

## FACTS AND PROCEDURAL HISTORY

¶ 4 In November 2001, the Bank agreed to loan Morgen Thruston $1 million to finance construction ("the construction loan") of a single family residence ("the property"). Pursuant to a loan agreement with the Bank, Thruston executed an adjustable rate note and a construction loan note rider (collectively, the "note") that required construction to be completed by September 30, 2003 ("construction deadline"). The note further provided that if Thruston failed to complete construction before the construction deadline, the Bank could declare the construction loan in default and all sums payable under the note immediately due and payable. To secure repayment of the construction loan, Thruston also executed and delivered to the Bank a deed of trust on the property.

¶ 5 On April 13, 2005, the Bank notified Thruston she was in default under the terms of the construction loan. It described several events of default including Thruston's failure to complete construction by the construction deadline and failure to pay real property taxes and homeowner's association assess-

ments. The Bank's notice stated that if Thurston failed to resolve the default to the Bank's satisfaction or pay the loan in full on or before May 13, 2005, it would accelerate the balance due under the note and pursue collection efforts.

¶ 6 On May 20, 2005, the Bank recorded a notice of trustee's sale pursuant to the power of sale granted to it by the deed of trust. The Bank cancelled the trustee's sale when, according to the Thrustons, Morgen Thruston "reinstated" the construction loan pursuant to A.R.S. § 33–813(B). As discussed below, *infra* ¶¶ 30–33, that statute allows a trustor in default (here, Morgen Thruston) to "reinstate" a deed of trust securing a contract (here, the note) by paying the beneficiary (here, the Bank) all past due and other statutorily specified sums and curing all other defaults.

¶ 7 On September 12, 2005, the Bank again notified Thruston she was in default under the construction loan. The notice stated:

This final Notice is hereby given by Lender to inform you that despite your recent monetary reinstatement of your Construction Loan pursuant to A.R.S. § 33–813 and Lender's cancellation of its non-judicial trustee's foreclosure sale of the Property as was required by applicable law, you remain in serious non-monetary default under the terms of your Construction Loan....

(emphasis omitted).

¶ 8 The non-monetary default identified by the Bank again arose out of Thruston's failure to complete construction by the construction deadline. The Bank advised Thruston that because of the non-monetary nature of the default, it would accelerate the balance due under the note and take steps to judicially foreclose the deed of trust unless she paid the construction loan in full on or before October 17, 2005.

¶ 9 On October 19, 2005, the Bank sued the Thrustons [1] for breach of contract (failure to pay the construction loan) and to judicially foreclose the property. The Thrustons answered, denied the existence of a default, and asserted five affirmative defenses: "prior" breach of the duty of good faith and fair dealing, "prior" breach of contract, unclean hands, duress, and estoppel.

¶ 10 In February 2006, the Bank moved for summary judgment on its claims. The Bank argued no genuine issue of material fact existed to preclude summary judgment in its favor because it was undisputed Thruston had failed to complete construction by the construction deadline or to pay the homeowner's association assessments (collectively, the "non-monetary default"). In response, the Thrustons argued the Bank was not entitled to summary judgment because it had failed to present any "competent evidence" negating their affirmative defenses.[2] The Thrustons also argued the Bank was prohibited by A.R.S. § 33–813 from relying on the non-monetary default as the basis for its claims because the default existed when, according to the Thrustons, Morgen Thruston had reinstated the loan.

¶ 11 The court granted the Bank's motion for summary judgment and eventually entered judgment and decree of foreclosure and order of sale in favor of the Bank on its claims. The Thrustons timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21 and –2101(B) (2003).

## DISCUSSION

*I.   Summary Judgment and the Moving Party's Initial Burden of Production*

¶ 12 In Arizona, a summary judgment motion sets in play shifting burdens. Initially, a party moving for summary judgment has the

---

1. The Bank sued Morgen Thruston's husband, Howard, "for the purpose of subjecting the Thrustons' marital community assets to the money judgment sought." *See infra* note 11.

2. Although the Thrustons argued that, as the party moving for summary judgment, it was the Bank's obligation to disprove their affirmative defenses, they nevertheless submitted an affidavit from Howard Thruston in which he asserted the Bank's efforts to foreclose the construction loan were in violation of a promise made by the Bank not to begin foreclosure proceedings until after a specified date. Howard Thruston also asserted the Bank's collection efforts arose out of a Bank employee's "personal vendetta" against him and were taken in bad faith.

burden of showing there are no genuine issues of material fact and it is entitled to summary judgment as a matter of law. Only if the moving party satisfies this burden will the party opposing the motion be required to come forward with evidence establishing the existence of a genuine issue of material fact that must be resolved at trial.

¶ 13 On appeal, the Thrustons argue the Bank failed to shoulder its initial burden of demonstrating the absence of a genuine issue of material fact because it failed to present the superior court with evidence negating their affirmative defenses. Although we agree with the Thrustons the Bank, as the moving party, was first required to demonstrate the absence of a genuine issue of material fact, we disagree that, to discharge this burden, the Bank was required to disprove their affirmative defenses. However, as we explain below, the Bank, nevertheless, was not entitled to summary judgment.[3]

¶ 14 We begin with the portion of Arizona Rule of Civil Procedure 56 that sets out what a court must do when presented with a motion for summary judgment. Rule 56(c) directs a court to enter summary judgment in favor of the moving party "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1). Accordingly, to obtain a judgment under Rule 56(c), the moving party must come forward with evidence it believes demonstrates the absence of a genuine issue of material fact and must explain why summary judgment should be entered in its favor. *Orme School v. Reeves*, 166 Ariz. 301, 310, 802 P.2d 1000, 1009 (1990); *Allyn*, 167 Ariz. at 195,

805 P.2d at 1016 (moving party bears burden of demonstrating both absence of any factual conflict and right to judgment).

¶ 15 As other courts have noted, the "vocabulary used for discussing summary judgments is somewhat abstract." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir.2000). The moving party's responsibility to produce evidence is often referred to as the moving party's initial burden of production; the moving party's responsibility to persuade the court that there is no genuine issue of material fact for a reasonable jury to find is often referred to as the moving party's burden of persuasion or burden of proof. For clarity, except as contained in a direct quote, we use the term "burden of persuasion" to refer to the moving party's responsibility to persuade the court that it is entitled to prevail on its summary judgment motion and use the term "burden of proof" to refer to a party's ultimate burden of persuasion on a particular factual issue at trial. *See Aguilar v. Atlantic Richfield Co.*, 25 Cal.4th 826, 107 Cal.Rptr.2d 841, 24 P.3d 493, 506 n. 4 (2001) ("On summary judgment, the moving party's burden is more properly labeled as one of *persuasion* rather than *proof*. That is because, in order to carry such burden, he must *persuade* the court that there is no material fact for a reasonable trier of fact to find, and not *prove* any such fact to the satisfaction of the court itself as though it were sitting as the trier of fact.").

¶ 16 The moving party's burden of persuasion on the motion remains with that party; it does not shift to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986) (Brennan, J., dissenting)[4]; *Lujan v. MacMurtrie*, 94 Ariz. 273, 277, 383 P.2d 187,

---

3. We review a superior court's "grant of summary judgment on the basis of the record made in [that] court, but we determine *de novo* whether the entry of [summary] judgment was proper." *Schwab v. Ames Constr.*, 207 Ariz. 56, 60, ¶ 17, 83 P.3d 56, 60 (App.2004). Further, "[i]n determining whether the [superior] court properly granted summary judgment, we apply the same standard ... as that ... use[d] by the superior court when] ruling on the summary judgment motion." *Id.; United Bank of Arizona v. Allyn*, 167 Ariz. 191, 195, 805 P.2d 1012, 1016 (App.1990).

4. "Although the [U.S. Supreme] Court issued a five-to-four decision [in *Celotex*], the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2727 (3d ed.1998) (footnotes omitted).

189 (1963) (burden to show no genuine issue of material fact and entitlement to judgment as a matter of law rests on moving party "whether he or his opponent would at trial have the burden on the issue"); *Allyn*, 167 Ariz. at 197, 805 P.2d at 1018 (burden of persuading trial court that summary judgment is warranted is on party seeking judgment); *State v. Crawford*, 7 Ariz.App. 551, 557, 441 P.2d 586, 592 (1968) (burden is on party moving for summary judgment to show absence of any genuine issue of material fact, regardless of who would have burden of proving facts at trial).

¶ 17 The burden of persuasion on the summary judgment motion is heavy. "[W]here the evidence or inferences would permit a jury to resolve a material issue in favor of either party, summary judgment is improper." *Allyn*, 167 Ariz. at 195, 805 P.2d at 1016. Further, a court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Sanchez v. City of Tucson*, 191 Ariz. 128, 130, ¶ 7, 953 P.2d 168, 170 (1998); *Orme School*, 166 Ariz. at 309–10, 802 P.2d at 1008–09.

¶ 18 A court does not need to "decide whether the moving party has satisfied its ultimate burden of persuasion" on the summary judgment motion unless it first finds "the moving party has discharged its initial burden of production." *Celotex*, 477 U.S. at 330–31, 106 S.Ct. at 2556 (Brennan, J., dissenting); *Schwab*, 207 Ariz. at 60, ¶ 16, 83 P.3d at 60 ("if a moving party's summary judgment motion fails to show an entitlement to judgment, the nonmoving party need not respond to controvert the motion"); *Hydroculture, Inc. v. Coopers & Lybrand*, 174 Ariz. 277, 283, 848 P.2d 856, 862 (App.1992) (plaintiff responding to defendant's summary judgment motion "need not present its prima facie case unless the motion adequately challenges its ability to do so"); *Allyn*, 167 Ariz. at 196, 805 P.2d at 1017 (when summary judgment motion "fails to show an entitlement to judgment, the adverse party need not respond to the motion with controverting evidence").

¶ 19 What a moving party must do to satisfy its burden of production and then to obtain summary judgment was addressed by the Arizona Supreme Court in *Orme School*. There, a student who had contracted salmonella filed a damage action against his school and the school's food service contractor. 166 Ariz. at 303, 802 P.2d at 1002. The school cross-claimed against the contractor and asserted it was a passive wrongdoer and was entitled to indemnity from the contractor because the student's injury had been caused by the contractor's active wrongdoing. *Id.* The school ultimately moved for summary judgment on its indemnity claim. *Id.* at 304, 803 P.2d at 1003. The evidence before the court reflected that during the period of time the student could have contracted salmonella, all of his meals had been prepared by the contractor with the exception of one meal prepared by the school. *Id.* at 303, 802 P.2d at 1002. There was no direct or circumstantial evidence the salmonella was attributable to any particular meal. *Id.* at 303–04, 802 P.2d at 1002–03. Between the contractor and the school, there was only a "remote possibility" the student had contracted salmonella from the one meal prepared by the school. *Id.* at 304, 803 P.2d at 1003.

¶ 20 The superior court denied the school's motion for summary judgment, finding the existence of a genuine issue of material fact. *Id.* Our supreme court disagreed and held the school was entitled to summary judgment because no reasonable juror could conclude from the evidence the school and not the contractor was actively responsible for the student's injury. *Id.* at 311, 802 P.2d at 1010. In so holding, the court approved certain summary judgment principles adopted by the United States Supreme Court in interpreting the federal counterpart to our Rule 56. *Id.* at 306–11, 802 P.2d at 1005–10. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

¶ 21 Relying on *Anderson*, our supreme court held that in considering a summary judgment motion, the trial court must apply the same standards used for a directed verdict and, further, must take into account the

substantive evidentiary burden that will be applicable to the claim or defense at trial.[5] *Orme School*, 166 Ariz. at 309, 802 P.2d at 1008. And, in discussing *Celotex*, a case in which the non-moving party, the plaintiff, bore the ultimate burden of proof on her claim at trial, our supreme court recognized that the showing the moving party must make will depend on whether the non-moving party bears the burden of proof on the claim or defense at trial. *Id.* at 310, 802 P.2d at 1009. The court stated:

> The Supreme Court [in *Celotex* ] held that a party moving for summary judgment need merely point out by specific reference to the relevant discovery that no evidence existed to support an essential element of the claim. Conclusory statements will not suffice, but the movant need not affirmatively establish the negative of the element. *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555 (White, J., concurring). If the party with the burden of proof on the claim or defense cannot respond to the motion by showing that there is evidence creating a genuine issue of fact on the element in question, then the motion for summary judgment should be granted. We conceive of no mischief in this principle

and believe it, too, should be adopted and applied to the case before us.

*Id.*

■ ¶ 22 *Orme School's* discussion of *Celotex* and its adoption of the principle established in *Celotex*—that a moving party is not required to present evidence negating the non-moving party's claim or defense when the non-moving party bears the burden of proof on that claim or defense at trial— supports another, more fundamental point: in determining whether the moving party has met its initial burden of production, the court must decide whether the burden of proof on the claim or defense at trial rests on the moving or non-moving party.[6] If the burden of proof on the claim or defense at trial rests on the non-moving party, then, to meet its burden of production, the moving party does not need to present evidence disproving the non-moving party's claim or defense. Although it may provide such evidence, it is not obligated to do so. Instead, the moving party need only "point out by specific reference to the relevant discovery that no evidence exist[s] to support an essential element of the [non-moving party's] claim" or defense. *Orme School*, 166 Ariz. at 310, 802 P.2d at 1009.[7]

---

5. The court stated:

   > Either motion [for directed verdict or summary judgment] should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense. Thus, assuming discovery is complete, the judge should grant summary judgment if, on the state of the record, he would have to grant a motion for directed verdict at the trial.

   *Orme School*, 166 Ariz. at 309, 802 P.2d at 1008 (footnotes omitted).

6. Many courts and commentators have recognized this point. *E.g., Nissan Fire*, 210 F.3d at 1102–03; *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978–79 (7th Cir.1996); *FDIC v. Giammettei*, 34 F.3d 51, 54 (2d Cir.1994); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115–16 (11th Cir.1993); *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir.1990); *Sneddon v. ABF Freight Systems*, 489 F.Supp.2d 1124, 1127 (S.D.Cal.2007); *Marshall v. Housing Authority of City of Taylor*, 866 F.Supp. 999, 1002 (W.D.Tex.1994); *John Han-*

cock Property and Cas. Ins. Co. v. Universale Reinsurance Co.*, 147 F.R.D. 40, 45–46 (S.D.N.Y. 1993); *Property Owners Ins. Co. v. Cope*, 772 F.Supp. 1096, 1098 (N.D.Ind.1991); *Avirgan v. Hull*, 691 F.Supp. 1357, 1368–69 (S.D.Fla.1988); *McGaughey v. City of Chicago*, 664 F.Supp. 1131, 1135 (N.D.Ill.1987) *vacated in part on other grounds by* 690 F.Supp. 707 (N.D.Ill.1988); *Jaynes v. United States*, 68 Fed.Cl. 747, 761 n. 17 (2005); 11 *Moore's Federal Practice* § 56.13 (3d ed.2007); Wright, Miller & Kane, *supra* note 4, § 2727.

7. Arizona appellate decisions post-*Orme School* have touched on the points we make here: first, the moving party is not required to negate the non-moving party's claim or defense to meet its burden of production; and second, in determining whether a moving party has carried its initial burden of production, the court must determine whether the burden of proof on the claim or defense at trial rests on the moving or non-moving party. *Ruelas v. Staff Builders Pers. Serv., Inc.*, 199 Ariz. 344, 346, ¶ 7, 18 P.3d 138, 140 (App.2001); *Aranki v. RKP Inv., Inc.*, 194 Ariz. 206, 209, 979 P.2d 534, 537 (App.1999); *Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 303, 942 P.2d 451, 462 (App.1997); *Hydroculture*, 174 Ariz. at 283, 848 P.2d at 862.

¶ 23 When the moving party argues it is entitled to summary judgment because the non-moving party lacks evidence to support its claim or defense, the moving party must do more than make bald assertions that the non-moving party cannot meet its burden of proof at trial or has no evidence supporting its claim or defense. We underscore what our supreme court said in *Orme School,* "[c]onclusory statements will not suffice," 166 Ariz. at 310, 802 P.2d at 1009, and what the United States Supreme Court stated in *Celotex:*

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

477 U.S. at 323, 106 S.Ct. at 2553 (internal citations and quotation marks omitted).

■ ¶ 24 And, we also underscore two additional, related points: first, when a moving party without the ultimate burden of proof on the claim or defense at trial asserts the non-moving party has no evidence to support an essential element of its claim or defense, as a general matter, the non-moving party must have received a sufficient opportunity for discovery.[8] In *Orme School,* our supreme court repeatedly suggested there must be a sufficient opportunity for discovery before the determination is made that the non-moving party will be unable to produce evidence sufficient to send its claim or defense to the jury. *Orme School,* 166 Ariz. at

311, 802 P.2d at 1010. As explained in *Nissan Fire:*

> In a typical case, in order to carry its initial burden of production by pointing to the absence of evidence to support the nonmoving party's claim or defense, the moving party will have made reasonable efforts, using the normal tools of discovery, to discover whether the nonmoving party has enough evidence to carry its burden of persuasion at trial. The nonmoving party, of course, must have had sufficient time and opportunity for discovery before a moving party will be permitted to carry its initial burden of production by showing that the nonmoving party has insufficient evidence.

210 F.3d at 1105–06 (citation omitted).

¶ 25 Second, a moving party's assertion that the non-moving party lacks sufficient evidence is subject to Arizona Rule of Civil Procedure 11. A moving party "owes a duty of candor to the court; it may not present only the portions of the record supporting its position while knowingly omitting evidence to the contrary that may raise a genuine issue of material fact. Such conduct arguably warrants the imposition of sanctions under [Federal Rules of Civil Procedure] 11...."[9] William W. Schwarzer, Alan Hirsch & David J. Barrans, *The Analysis and Decision of Summary Judgment Motions: A Monograph on Rule 56 of the Federal Rules of Civil Procedure* 46–47 (1991). Likewise, Rule 11 applies to a non-moving party's assertion that it has sufficient evidence to withstand summary judgment, and, of course, to a defendant's assertion of defenses, including any affirmative defenses.

---

8. We do not mean to suggest that summary judgment can never be granted in the absence of discovery or disclosure. Every lawsuit presents its own unique set of circumstances, and depending on the circumstances of the particular case, discovery and disclosure may be unnecessary. *See Moore's Federal Practice supra* note 6 § 56.11[l][b] at 56–112 to –113 (summary judgment appropriate if parties agree as to operative facts and only dispute application of the law to these facts or, even if facts disputed by non-moving party, the facts have been "unquestionably determined in a manner the court is not free to disregard"). Indeed, summary judgment may be appropriate even if the parties disagree about

the facts. *See Quarles v. General Motors Corp.,* 758 F.2d 839, 840 (2d Cir.1985) (existence of factual issues that are immaterial to claims will not defeat summary judgment motion). And, of course, a party moving for summary judgment can, for purposes of the motion, accept the facts alleged by the non-moving party and argue the non-moving party cannot prevail based on the substantive legal principles applicable to the case.

9. The thrust of Federal Rule 11 is substantively similar to that of Arizona Rule 11.

¶ 26 When a moving party meets its initial burden of production by showing that the non-moving party does not have enough evidence to carry its ultimate burden of proof at trial, the burden then shifts to the non-moving party to present sufficient evidence demonstrating the existence of a genuine factual dispute as to a material fact. *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 33, 955 P.2d 951, 961 (1998). The non-moving party may not rest on its pleadings; it must go beyond simply cataloging its defenses. To defeat the motion, the non-moving party must call the court's attention to evidence overlooked or ignored by the moving party or must explain why the motion should otherwise be denied. Such an explanation could include a request for a continuance for discovery under Rule 56(f). *See generally Grand v. Nacchio*, 214 Ariz. 9, 29, ¶ 72, 147 P.3d 763, 783 (App.2006) (outlining requirements for relief under Rule 56(f)).

¶ 27 Applying these principles here, we hold that, in moving for summary judgment, the Bank was not required to present the superior court with evidence negating the Thrustons' affirmative defenses. As a general matter, "[t]he proponent of an affirmative defense has the burden of ... proving it." *Grubb & Ellis Mgmt. Serv., Inc. v. 407417 B.C., L.L.C.*, 213 Ariz. 83, 89, ¶ 21, 138 P.3d 1210, 1216 (App.2006). Accordingly, the Thrustons bore the burden of proving their affirmative defenses at trial and, under Orme School and consistent with Celotex, the Bank was not required to present the court with evidence negating the Thrustons' affirmative defenses to satisfy its initial burden of production.

¶ 28 To carry its initial burden of production, the Bank was, nevertheless, required to "point out" to the superior court, by reference to relevant evidentiary materials, *see* Ariz. R. Civ. P. 56(c), that the Thrustons had no evidence to support their affirmative defenses. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554.[10] The Bank, however, did not do this. Instead, the Bank argued it was entitled to summary judgment solely because it had presented evidence supporting the necessary elements of its breach and foreclosure claims.[11] But, to meet its burden of production, the Bank had to establish more than the essential elements of its own claims. Because the Bank failed to satisfy its initial burden of production, the Thrustons were not required to come forward with any evidence showing the existence of a genuine issue of material fact.

¶ 29 In summary, the Thrustons bore the ultimate burden of proof at trial on their affirmative defenses; accordingly the Bank was not required to present evidence disproving these defenses when it moved for summary judgment. But, the Bank was, at a minimum, still required to "point out," by referring to evidence in the record, that insufficient evidence existed to support the Thrustons' affirmative defenses. What the Bank could not do was to ignore the Thrustons' affirmative defenses. Because it did precisely that, the Bank failed to meet its initial burden of production and was not, therefore, entitled to summary judgment.

## II. A.R.S. § 33–813

¶ 30 Although the Bank was not entitled to summary judgment, the Thrustons have

10. Federal courts, applying *Celotex*, have also recognized that when a plaintiff moves for summary judgment, it may challenge the legal sufficiency of an affirmative defense, on which the defendant bears the burden of proof at trial, by explaining to the court the defendant does not have any evidence to support the defense; the moving party plaintiff does not have to support its motion with evidence negating the affirmative defense. *FDIC*, 34 F.3d at 54–55; *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F.Supp.2d 722, 729 (S.D.N.Y.2005); *John Hancock Property and Cas. Ins. Co.*, 147 F.R.D. at 48–49; *United States v. Ownbey Enters., Inc.*, 789 F.Supp. 1145, 1151–52 (N.D.Ga.1992); *Jaynes*, 68 Fed.Cl. at 761 n. 17.

11. For example, in its reply memorandum, the Bank argued that it "only has to carry its burden of proof to establish its affirmative claims to prevail upon summary judgment," and that it was entitled to summary judgment if it established the loan documents were valid, the loan was in default, the loan balance was due and had not been paid, and its deed of trust evidenced a valid first priority lien upon the property. Although in passing, the Bank asserted the Thrustons' affirmative defenses were irrelevant to the Bank's claims, the Bank never explained why these affirmative defenses were irrelevant, either factually or legally.

raised an additional issue on appeal we believe we should decide because it is likely to be re-urged on remand.

■ ¶ 31 Relying on A.R.S. § 33–813, the Thrustons argue the Bank was barred from attempting to judicially foreclose the construction loan based on the non-monetary default. They assert Morgen Thruston reinstated the construction loan by curing the monetary default and that this reinstatement eliminated all other pre-reinstatement defaults as a basis for foreclosure. We agree with the Thrustons that when a trustor complies with the requirements of the statute, the contract and trust deed are deemed "reinstated and in force as if no breach or default had occurred." A.R.S. § 33–813(B). However, Morgen Thruston did not comply with the requirements of the statute and thus the Bank was not barred from pursuing judicial foreclosure.

■ ¶ 32 Arizona Revised Statute section 33–813 states, in pertinent part:

A. If, prior to the maturity date fixed by the contract ..., all or a portion of a principal sum or interest of the contract ... secured by a trust deed ... is declared due by reason of a breach or default in the performance of the contract ... or of the trust deed, the trustor ... *may reinstate by paying* to the beneficiary, the trustee or the trustee's agent in a form acceptable to the beneficiary or the trustee *the entire amount then due under the terms of the contract ... or trust deed, other than the portion of the principal as would not then be due had no default occurred, by curing all other defaults and by paying the amounts due under subsection B of this section.*

A.R.S. § 33–813(A) (emphasis added). The interpretation of a statute presents a legal question, which we review de novo. *State Comp. Fund v. Superior Court,* 190 Ariz. 371, 374, 948 P.2d 499, 502 (App.1997). In interpreting a statute, our primary goal is to "give effect to legislative intent." *Mail Boxes v. Indus. Comm'n of Arizona,* 181 Ariz.

119, 121, 888 P.2d 777, 779 (1995). To that purpose, we look first to the language of the statute. *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994). If the statutory language is unambiguous, we must give effect to the language and we will not use other rules of statutory construction to interpret the language. *Janson ex rel. Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).

¶ 33 Under the plain terms of A.R.S. § 33–813(A), to reinstate the contract and trust deed, the trustor must not only pay the beneficiary the entire amount then due under the contract or deed of trust had no default occurred (plus certain other sums), but the trustor must also cure "all other defaults." Here, Morgen Thruston did not cure "all other defaults." Specifically, she failed to cure the non-monetary default.[12] The Thrustons' assertion that Morgen Thruston was entitled to the protection of the statute without curing the non-monetary default flies in the face of the explicit statutory requirements.

¶ 34 Citing *Chaparral Dev. v. RMED Int'l, Inc.,* 170 Ariz. 309, 823 P.2d 1317 (App.1991), however, the Thrustons argue Morgen Thruson's "reinstatement" barred the Bank from relying on the non-monetary default as a basis for its foreclosure action. In *Chaparral,* we held reinstatement of a contract under A.R.S. § 33–813 protects a trustor from both a judicial and non-judicial foreclosure of a deed of trust. *Id.* at 314, 823 P.2d at 1322. In so holding, we stated:

The language of A.R.S. § 33–813(A) and (B) is clear and unambiguous. It provides that a contract may be reinstated before either a trustee's sale or the filing of a foreclosure action. *Equally clear is the provision that upon payment of all amounts due, the contract shall be deemed reinstated as if no breach or default had occurred.* Put another way, reinstatement cancels the prior default.

*Id.* (emphasis added).

¶ 35 Seizing on the italicized language quoted above, the Thrustons argue Morgen

---

12. The Thrustons contend on appeal the Bank acknowledged that Morgen Thruston's "reinstatement" did not require her to cure the non-

monetary default. We have found no evidence in the record reflecting this alleged acknowledgement.

Thruston was entitled to reinstatement under the statute by simply curing the monetary default. We disagree. First, *Chaparral* did not address the question presented here—whether the statute applies when a trustor pays the outstanding amount due under the contract but fails to cure all other defaults. Second, the language quoted above must be read in context with what we also said in *Chaparral*:

> If there is no existing default in the performance of the contract, then the beneficiary has no cause to foreclose the deed of trust, whether by trustee's sale or by judicial action:
>
>> The general prerequisites to the right of foreclosure are that there be a valid mortgage ... securing a debt or duty which remains wholly or in part unpaid or unperformed ... and by which some kind of estate or title has been conveyed to the mortgagee as security ... *and that there be a breach of the condition of the mortgage ....*

*Id.* (quoting 59 C.J.S. *Mortgages* § 492 at 775 (1949))(emphasis by the court). Here, unlike the situation in *Chaparral*, although Morgen Thruston cured the monetary default, an existing default, the non-monetary default, remained uncured. Consequently, the Bank was entitled to pursue foreclosure of the deed of trust securing the note. Nothing we said in *Chaparral* entitled Morgen Thruston to the protections of the statute.[13]

**13.** The superior court entered judgment against Howard Thruston and the Thurstons' marital community, agreeing with the Bank that the construction loan constituted a community debt. On appeal, the Thrustons argue the court should not have decided this issue as a matter of law. Because the Bank was not entitled to summary judgment, we do not need to resolve this issue or the other issues raised by the Thrustons on appeal. We note, however, that under this state's community property statutes, a presumption exists that when a spouse incurs a debt during marriage for the benefit of the marital community, the debt is a community obligation. A.R.S. §§ 25-214 to -215 (2007). *See also Johnson v. Johnson*, 131 Ariz. 38, 638 P.2d 705 (1981). But, a party who contends otherwise may overcome the presumption with clear and convincing evidence that the debt is a separate obligation of one spouse. *MacCollum v. Perkinson*, 185 Ariz. 179, 183, 913 P.2d 1097, 1101 (App.1996).

## CONCLUSION

¶ 36 For the foregoing reasons, we hold the superior court should not have entered summary judgment in favor of the Bank. The court's judgment and decree of foreclosure and order of sale is hereby reversed and this matter is remanded for further proceedings consistent with this opinion.[14]

CONCURRING: PATRICK IRVINE, Presiding Judge, and JOHN C. GEMMILL, Judge.

**14.** The Thrustons and the Bank have each requested an award of attorneys' fees pursuant to A.R.S. § 12-341.01(A) (2003). Additionally, the Bank has requested an award of fees pursuant to the "loan documents" which it asserts provide for an award of reasonable attorneys' fees to the prevailing party. At this juncture, neither side has prevailed and thus, in the exercise of our discretion, we deny each side's request for an award of fees. At the conclusion of this case on remand, the superior court may entertain a request for fees for work on appeal as authorized by statute or the loan documents. As the successful party on appeal, however, the Thrustons are entitled to an award of costs on appeal subject to their compliance with Arizona Rule of Civil Appellate Procedure 21(c).