NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:
EDNA MAE REWERS, *Petitioner/Appellee,*

*v.*

DUSAN PAUL POPE, *Respondent/Appellant.*

No. 1 CA-CV 13-0007
FILED 03/13/2014

Appeal from the Superior Court in Maricopa County
No.  FC2008-053605
The Honorable John R. Doody, Commissioner

**AFFIRMED**

COUNSEL

Hammerman & Hultgren, P.C., Phoenix
By  Jon R. Hultgren, Allan R. Draper
*Counsel for Petitioner/Appellee*


C. Robert Collins, Phoenix
By  C. Robert Collins
*Counsel for Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Diane M. Johnsen joined.

**H O W E,** Judge:

¶1        Pope appeals from the denial of his motion to dismiss a foreign judgment against him for child support arrearages. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Pope and Rewers were married and lived with their daughter in Illinois until 1980, when they moved to California. They divorced in September 1984, and the Orange County, California, Superior Court entered a dissolution decree. Primary physical custody of the child was awarded to the child's mother, Rewers, and the child's father, Pope, was ordered to pay child support.

¶3        Rewers and her daughter moved back to Illinois, and in September 1993, Rewers petitioned to domesticate the California decree in the Circuit Court of Cook County, Illinois, and petitioned for an order to show cause why Pope had not paid child support. An Illinois attorney filed an appearance on behalf of Pope and moved to quash service of Rewers' petitions claiming that Pope was not subject to personal jurisdiction in Cook County. The court found it had jurisdiction over Pope, however. Litigation continued between the parties until May 1995, when the parties entered a settlement agreement stating that Pope must pay Rewers for child support arrearages from January 1, 1987, to June 1, 1995. It also provided that Pope must pay Rewers monthly support for a year and a portion of the child's future expenses, including college, medical, and dental expenses. The court entered this order.

¶4        Pope retired to Arizona in 2007, and in November 2008, Rewers filed the Illinois judgment in Arizona pursuant to the Uniform Enforcement of Foreign Judgment Act. A.R.S. §§ 12-1701 to -1708. For several years that followed, the record reveals no action taken regarding the matter.

¶5            In May 2012, Rewers filed a Petition in Support of Supplemental Proceedings, requesting that the court require Pope to appear and answer questions concerning his assets pursuant to A.R.S. §§ 12–1631 and -1632. Pope responded with a "Motion and Memorandum in Support of Motion to Dismiss with Prejudice," stating that he had no knowledge of the Illinois judgment and that it was fraudulent. Pope further stated that he had paid all child support owed under the California decree but could not now produce proof of his previous payments. He argued that the Illinois court lacked personal jurisdiction, the doctrines of equitable estoppel and laches applied to prevent Rewers from pursuing the judgment, and the statute of limitations barred the action. He attached to the motion a signed affidavit supporting his factual allegations. Rewers opposed the motion.

¶6            The court denied Pope's motion to dismiss, and rejected Pope's challenge to the validity of the Illinois judgment, noting that the Illinois court records demonstrated that Pope had hired an attorney to represent him in the case and contest jurisdiction, and stated that "it appears that Mr. Pope swore a false affidavit." The court found that the Illinois judgment was validly entered and the statute of limitation had not run. It also noted that Pope's false affidavit "adds an element of 'unclean hands' which further bars him from invoking the doctrine of laches."

¶7            On October 2, 2012, Pope moved to "Continue Supplemental Hearing & To Determine Amount Due," asking the court to continue the hearing so that "the Court [can] set a hearing and determine how much the Court believes he owes and to allow him an opportunity to explain what the Court has found to be false in his affidavit." The court heard brief oral argument on Pope's motion and denied it.[1] The judgment debtor exam of Pope began with further examination to be held later in the month.

¶8            The trial court consequently issued a judgment denying Pope's motion to dismiss. In the minute entry accompanying the judgment, the court noted that Pope had argued that the court erred in denying the motion to dismiss without holding a hearing on whether his affidavit was willfully false or whether he had a lapse of memory. The court stated that it denied the motion to dismiss because it was wrong, regardless of its falsity. Pope timely appeals the judgment.

---

[1]        Pope did not provide this Court with a record of the proceedings.

**DISCUSSION**

**¶9**        Pope argues that (1) the California and Arizona statute of limitations barred the enforcement of the judgment, (2) the court should have held a hearing allowing Pope to explain why his affidavit was false and to determine how much child support was owed, and (3) the doctrine of laches barred the enforcement of the judgment.[2]

I.  Statute of Limitations

**¶10**        Pope asserts that the judgment cannot be enforced because California law provides that child support payments must be collected within ten years, and— "assuming without admitting" that child support payment was due when his daughter turned 18, on March 14, 1996— Rewers had only until March 13, 2006, to collect arrears.[3] We review de novo whether the trial court erred in applying the law relating to the statute of limitations defense. *Logerquist v. Danforth*, 188 Ariz. 16, 18, 932 P.2d 281, 283 (App. 1996). We reject Pope's argument because the California statute of limitation is inapplicable.

**¶11**        Arizona has adopted the Uniform Interstate Family Support Act. *See* A.R.S. § 25-1201. It provides that "[i]n a proceeding for arrears under a registered support order, the statute of limitation of this state or of the issuing state, whichever is longer, applies." A.R.S. § 25-1304(B). The "issuing state" is defined as "the state in which a tribunal issues a support order or renders a judgment determining parentage." A.R.S. § 25-1202(9). "Support order" means "a judgment, decree, order or directive . . . for the benefit of a child . . . or former spouse, that provides for monetary support, heath care, arrearages or reimbursement . . . ." A.R.S. § 25-1202(24). The Illinois judgment is therefore a "support order." Because

---

[2]        For the first time on appeal, Pope argues that the Illinois judgment is not actually a judgment. He cites decisions identifying elements of a judgment, but does not state why the Illinois judgment fails to meet those elements. Regardless, the argument was not raised before the trial court and is therefore waived on appeal. *See In re MH 2008-002659*, 224 Ariz. 25, 27 ¶ 9, 226 P.3d 394, 396 (App. 2010).

[3]        Alternatively, Pope also argues that A.R.S. § 25-403(H) (2004), the statute in effect in Arizona in 2006, bars this action. This argument was raised for the first time on appeal, and is therefore waived. *See In re MH 2008-002659*, 224 Ariz. at 27 ¶ 9, 226 P.3d at 396.

Rewers domesticated the Illinois judgment, and not the California divorce decree, Illinois is the issuing state, not California, and the statute of limitation of Arizona or Illinois could apply.

¶12        Arizona's relevant statute provides that "[n]otwithstanding any other law, any judgment for support and for associated costs and attorney fees is exempt from renewal and is enforceable until paid in full." A.R.S. § 25-503(K). The statute also provides that "if the oblige . . . make[s] efforts to collect a child support debt more than ten years after the emancipation of the youngest child subject to the order, the obligor may assert as a defense, and has the burden to prove, that the obligee . . . unreasonably delayed in attempting to collect the child support debt." A.R.S. § 25-503(J).

¶13        In this case, Rewers submitted a settlement agreement from Illinois regarding child support arrearages.  Arrearages are included in the definition of support, and therefore the settlement is enforceable until paid in full. Pope's daughter became emancipated upon her eighteenth birthday on March 14, 1996. Rewers did not attempt to domesticate the judgment in Arizona until November 21, 2008; therefore, pursuant to A.R.S. § 25-503(J), Pope may assert as a defense to any attempt by Rewers to execute on the judgment that Rewers had unreasonably delayed in attempting to collect the debt. But this defense does not prevent domestication of the judgment. Therefore, the court did not err rejecting the motion to dismiss.

II. Evidentiary Hearing

¶14        Pope also argues that the trial court was required to hold an evidentiary hearing to allow him to explain the inconsistencies in his affidavit and to determine how much child support he owed. We review the trial court's decision not to hold a hearing for an abuse of discretion. *Pioneer Fed. Sav. Bank v. Driver*, 166 Ariz. 585, 589, 804 P.2d 118, 122 (App. 1990). "[A] trial court is not required to hold an evidentiary hearing if 'the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense.'" *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 365 ¶ 14, 78 P.3d 1081, 1086 (App. 2003) (*quoting Ruelas v. Staff Builders Pers. Serv., Inc.*, 199 Ariz. 344, 347 ¶ 7, 18 P.3d 138, 141 (App. 2001)).

¶15        We agree with the trial court that a hearing was not necessary for Pope to explain any inconsistencies in his affidavit. To

enforce a judgment from another state, a party may file a properly authenticated copy of that judgment in the superior court pursuant to A.R.S. § 12–1702. Rewers filed a properly authenticated copy of the Illinois judgment and the trial court accepted it. Whether Pope forgot about the Illinois proceedings or lied to the court concerning those proceedings had no relevance to whether the judgment should have been filed and accepted. Moreover, whatever relevance an explanation may have had, Pope had the opportunity through counsel to explain the inconsistencies to the trial court at the hearing on the motion. Because Pope did not include a transcript of the hearing, we presume that the record supports the trial court's ruling. *Kohler v. Kohler*, 211 Ariz. 106, 108 ¶ 8 n.1, 118 P.3d 621, 623 n.1 (App. 2005).

¶16 We also find that the trial court did not abuse its discretion in rejecting Pope's request for an evidentiary hearing on the amount of child support Pope owed. A judgment debtor is certainly entitled to argue that he has already satisfied a domesticated judgment. A.R.S. § 12–1702 ("A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state . . . ."); *Jones v. Roach*, 118 Ariz. 146, 150, 575 P.2d 345, 349 (App. 1977) (prior payment is proper defense). Although Pope may defend an action to collect on the judgment by claiming that he has already satisfied part or all of the arrearages, at the time of the hearing, Rewers had not yet instituted any collection proceedings. Thus, any question about the amount Pope still owed was premature, and the trial court was well within its discretion to decline to hold an evidentiary hearing.

III. Laches

¶17 Pope argues that the trial court erred in rejecting his defense of laches because Rewers' delay in enforcing the Illinois judgment was unreasonable and the delay caused him to lose his records of child support payment. This Court reviews a trial court's decision on laches for an abuse of discretion. *McLaughlin v. Bennett*, 225 Ariz. 351, 353 ¶ 5, 238 P.3d 619, 621 (2010). The equitable doctrine of laches applies when delay is unreasonable and results in prejudice to the opposing party. *League of Ariz. Cities and Towns v. Martin*, 219 Ariz. 556, 558 ¶ 6, 201 P.3d 517, 519 (2009). Equity does not encourage the use of laches, and the doctrine "may not be invoked to defeat justice but only to prevent injustice." *Beltran v. Razo*, 163 Ariz. 505, 507, 788 P.2d 1256, 1258 (App. 1990). In child support cases, the doctrine requires the obligor to establish laches by clear and

compelling evidence. *Schnepp v. State ex rel. Dept. of Econ. Sec.*, 183 Ariz. 24, 30, 899 P.2d 185, 191 (App. 1995).

¶18  The trial court did not abuse its discretion in rejecting Pope's arguments. To the extent that Pope argued that laches precluded the mere domestication of the Illinois judgment, he is wrong. Domestication of a foreign judgment requires only the filing of a properly authenticated foreign judgment in the superior court. A.R.S. § 12–1702. Laches is inapplicable. To the extent that Pope argued that laches should prevent the collection of the arrearages owed under the Illinois judgment, the issue was premature because although Rewers had called for a debtor's examination to determine Pope's assets, Rewers had yet to institute collection proceedings against Pope.

## ATTORNEYS' FEES

¶19  Rewers requests a fee award under A.R.S. § 12-341.01, which provides for a fee award in any contested action arising out of contract. Because this action arose out of Pope's alleged failure to abide by the settlement agreement, the action arose out of contract. As the successful party on appeal, Rewers is entitled to an award of reasonable attorneys' fees and costs upon her compliance with Arizona Rule of Civil Appellate Procedure 21 and pursuant to A.R.S. § 12-342.

## CONCLUSION

¶20  We affirm the trial court's domestication of the Illinois judgment.

